FRUGÉ, Judge.
Plaintiff, Raymond Starns, instituted this suit to reform or correct the description of property contained in a contract of sale by increasing the portion from one lot with improvements (about two acres) to 20.43 acres. Mr. Starns claims that the defect in the description occurred through the parties’ mutual error. Defendants *302 deny that there was any error on their part. The trial judge found for the plaintiff, and thus amended the deed dated January 10, 1969, recorded in Conveyance Book A-232, page 537, to include the additional acreage. Defendant appealed.
Due to the conflict in testimony involved in the record, the facts of this case are somewhat ambiguous. It seems that prior to the date of this sale, defendants and plaintiff met a number of times. During these meetings the content of the land, the boundaries, and the price, were discussed. The plaintiff alleges that during one of these meetings, a contract to sell 20.43 acres was introduced and that both parties signed this contract. To substantiate his testimony, Mr. Armand has stated that he witnessed the signatures. The defendants, Mr. and Mrs. Ducote, however, have denied ever having signed a contract to sell. The defendants also deny having received a $100 down payment at this meeting, as was also alleged by the plaintiff. At trial, the instrument submitted in evidence did not contain the signatures of the Ducotes.
Sometime immediately prior to the sale, a plat was submitted by the defendant to Mr. Roy, who was the attorney for Mr. Starns at the time and drew up the act of sale in question. Before the trial, however, Mr. Roy withdrew as plaintiff’s attorney. This plat showed Mr. Hansen Du-cote as the sole owner of the 20.43 acres in question. However, no partition to substantiate the actual ownership was introduced or given to Mr. Roy. The record shows that some 40 acres of land is actually owned in indivisión by Ducote while he and his wife together own the two-acre tract which was conveyed to plaintiff. Ducote had a 20.43 acre undivided interest in the 40-acre tract.
On January 10, 1969, the parties met at the office of plaintiff’s attorney, Mr. Roy. While the contract of sale was being prepared by the attorney’s secretary, the parties and the attorney counted the cash consideration. Starns contends that the amount was $14,900 and that he paid $100 at the time the agreement to sell was executed. Ducote states that $15,000 was paid in Mr. Roy’s office and denies that $100 was paid at an earlier date.
The authentic act of sale was signed and the property was particularly described to convey only approximately two acres together with improvements. The same day, Starns mortgaged the same two acres and improvements to the party who loaned the $15,000 purchase price.
Immediately after the sale, Ducote and his wife moved to New Orleans where Du-cote was employed as a school teacher.
Plaintiff became aware of the so-called defect in the description in May of 1969 when he went to file his homestead exemption. He testified that he located Ducote and notified him of the error and that Du-cote agreed to sign a supplementary act of correction. Ducote denies this assertion.
Plaintiff testified that he has farmed the entire 20.43 acres ever since the sale was passed.
A written contract in authentic form, such as the act of sale herein, is normally taken and evaluated on its face. The parties to that instrument are presumed to know and have full realization as to what is contained therein. Their signatures should not be taken lightly, for the contents contained in the document will subsequently bind them. Price v. Taylor, 139 So.2d 230 (La.App. 1st Cir., 1962); Snell v. Union Sawmill Co., 159 La. 604, 105 So. 728 (1925).
When one attempts to reform or correct the description of property, alleging mutual error on the part of the vendor and vendee, he is required to present proof of a very high degree. He must substantially show that both parties at the time of the making of the contract intended that the contents of the instrument be different from what is actually contained therein. O’Neill v. Sonnier, 195 So.2d 724 (La.App. 1st Cir., 1967); Weber v. H. G. Hill *303 Stores, Inc., 210 La. 977, 29 So.2d 33 (1946); Cockerham v. Aime, 110 So.2d 238, 243 (La.App. 1st Cir., 1959); Mire v. Miller, 140 So.2d 767 (La.App. 3rd Cir., 1962); Akard v. Hutton, 196 La. 758, 200 So. 137 (1941).
The requirement that the one attempting to reform or correct the description in an act of sale present proof of a very high degree, has not been satisfied herein.
The plaintiff has stated that defendant submitted a plat, which on its face held Mr. Hansen Ducote to be the sole owner of the 20.43 acres in question. In rebuttal, the defendant has stated that he submitted this plat only to aid the attorney, Mr. Roy, in describing the house and lot that he intended to sell. In any event, this proof would merely be circumstantial as to the actual intent of either party.
Starns also contends that the defendants signed an agreement to sell prior to signing the act of sale, and that in the agreement to sell, the Ducotes contracted to convey the entire 20.43 acres. Defendants emphatically deny having signed or having seen such an instrument. The paper purporting to be one of two copies of the agreement to sell was submitted in evidence at trial. It contains the signature of plaintiff and one witness. However, neither Ducote nor his wife’s signature appear on the agreement.
Plaintiff suggests that Ducote removed from Mr. Roy’s file the copy of the agreement to sell which the Ducotes had signed. However, we find it difficult to understand how plaintiff’s attorney or his secretary could have taken a description from an agreement to sell which described 20.43 acres and prepared an authentic act of sale conveying two acres.
Plaintiff also contended that Ducote agreed to sign an act of correction when he was first contacted about this matter in May of 1969. This too is emphatically denied by defendants. The record shows that defendants immediately employed an attorney in New Orleans to reply to plaintiff’s request for a correction. The reply was an offer to refund the purchase price if plaintiff wanted to rescind the sale.
The trial court was impressed by the fact that Starns actually took physical possession of the entire 20.43 acres and farmed it subsequent to the sale of January 10, 1969. Plaintiff thereby demonstrated his understanding that he had purchased the entire 20.43 acres. However, plaintiff did not prove that the Ducotes had knowledge of his taking and farming this land. Defendants were in New Orleans at the time. Without knowledge of the adverse possession, the plaintiff has not proved that the defendants intended to sell more than two acres. Nelson, Curtis & Nelson v. Bridgeman, 152 La. 190, 92 So. 855 (1922).
Furthermore, the record shows that as soon as plaintiff made a claim for the additional acreage, defendants offered to return the purchase price if plaintiff wanted to rescind the sale. Defendants vigorously sought to bring plaintiff’s claim to court while plaintiff delayed the trial.
Plaintiff’s evidence is not sufficiently clear and convincing to justify reformation to the contract of sale. Aside from this, there are other factors which refute plaintiff’s claim.
In the first place, the defendants owned only an undivided interest in the 20.43 acre tract. It cannot be presumed that the Ducotes attempted to sell land which they did not actually own. Waller v. Colvin, 151 La. 765, 92 So. 328 (1922).
It is also noted that the Ducotes had the properties appraised by Mr. Coco of Avoy-elles Parish prior to the negotiations which led to this sale. The 20.43 acres and improvements were valued at almost double the $15,000 paid to the Ducotes. The house and lot alone were appraised at more than $15,000. One of plaintiff’s witnesses valued the house and two-acre lot at $20,-000 at the time of the sale.
*304 Third and lastly, it is noted that the Du-cotes read the act of sale and signed it. Had they intended to sell acreage amounting to ten times the area actually sold, they would have noticed the defect in the description. But both found that the description conveyed exactly what they intended and agreed to sell.
The judgment of the trial court is reversed. Plaintiff’s suit is dismissed. All costs both at trial and on appeal are to be borne by plaintiff-appellee.
Reversed and rendered.