369 So.2d 1104 (1979)
Brownie Reed HEBERT
v.
GULF STATES UTILITIES COMPANY and Kelly R. Parrino, d/b/a K. R. Parrino Builders.
No. 12509.
Court of Appeal of Louisiana, First Circuit.
March 5, 1979.
Vance R. Andrus, Lafayette, for plaintiff-appellant Brownie Reed Hebert.
W. Luther Wilson, Baton Rouge, for defendant-appellee Gulf States Utilities Co.
Ben L. Day, Baton Rouge, for defendantappellee Kelly R. Parrino d/b/a K. R. Parrino Builders.
Ben L. Guelfo, Baton Rouge, for intervenor-appellee Fidelity & Cas. Co. of New York.
Before CHIASSON, PONDER and SARTAIN, JJ.
CHIASSON, Judge.
Plaintiff, Brownie Reed Hebert, brought this tort action against Gulf States Utilities Company and Kelly R. Parrino, individually as the landowner, and d/b/a K. R. Parrino Builders. On August 1, 1977, plaintiff was employed by Southern Structure, Inc. (Southern), in construction work on property belonging to Parrino. Parrino had contracted with Southern to erect a metal building. Plaintiff was injured when an angle iron he was holding came in contact with a high voltage electrical line causing him to sustain a severe shock, electrical burns, and to fall from the top of the building sustaining further injuries.
Defendant-appellee, Kelly R. Parrino, filed a motion for summary judgment on the basis that plaintiff's exclusive remedy is workmen's compensation as provided in La. R.S. 23:1061 and 23:1032. The trial court granted the motion for summary judgment dismissing as defendant, Kelly R. Parrino, individually, and d/b/a K. R. Parrino Builders from plaintiff's suit.
*1105 We must determine whether summary judgment was appropriate in this case. La. C.C.P. art. 966 provides for a summary judgment when no genuine issue exists as to a material fact and the moving party is entitled to judgment as a matter of law. The burden is on the mover to show that there is no dispute regarding facts material to the suit. And since the motion for summary judgment is not a substitute for a trial on the merits, any doubt as to the existence of a material factual issue is to be resolved against the granting of a summary judgment and in favor of a trial on the merits. Wilkinson v. Husser, 154 So.2d 490 (La.App. 1st Cir. 1963), writ refused, 245 La. 60, 156 So.2d 603 (1963); Parker v. South Louisiana Contractors, Inc., 340 So.2d 322 (La.App. 1st Cir. 1976).
The issues in the instant case are whether Parrino has established, sufficient for summary judgment purposes, that (1) the work he contracted with plaintiff's employer to perform was part of Parrino's trade, business, or occupation, and (2) Parrino in his capacity as landowner is not liable to plaintiff in tort for the injuries plaintiff sustained.
Appellee argued in the motion for summary judgment that plaintiff's exclusive remedy lies in workmen's compensation and not tort, by virtue of the provisions of La. R.S. 23:1061 and 23:1032, which are as follows:
La.R.S. 23:1061 provides:

"Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.
"Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor." (Emphasis supplied)
La.R.S. 23:1032 provides:
"The rights and remedies herein granted to an employee or his dependent on account of a personal injury for which he is entitled to compensation under this Chapter shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations.
"Nothing in this Chapter shall affect the liability of the employer to a fine or penalty under any other statute."
The affidavits submitted by the appellee show that appellee, d/b/a K. R. Parrino Builders, is a general commercial contractor engaged in general commercial construction work; pursuant to that trade, business, or occupation the mover has contracted for the construction of various works, including the erection of metal buildings of the general type and nature as in the instant case; the building being erected by Southern, on property owned by the affiant, was being built pursuant to a contract between the affiant and Southern; affiant's own employees actually laid the concrete slab for the metal building; and the metal building under construction was to be utilized by the affiant as a warehouse in connection with the further operation of his trade, business, or occupation.
La.R.S. 23:1061 indicates that a principal is either any person who undertakes to *1106 carry out any work which is a part of his trade, business, or occupation; or any person who had contracted to perform work and sublets any portion to another. Appellee is not a principal under the second definition since he was not under contract to build the metal building. If appellee is a principal, he must meet the criteria of the first definition to come within the ambit of statutory employer.
Appellee argues that by the construction of this building he is performing work which is a part of his trade, business, or occupation. His rationale is based on three factors: (1) the erection of buildings is his trade, business, or occupation; (2) his own employees poured the slab on which the building would stand; and (3) he will use the building in his trade, business, or occupation.
Appellant argued that a building contractor's trade, business, or occupation does not necessarily include building buildings for himself; appellee is in the business of building for others to make a profit; and the construction of a building to be used as a warehouse in appellee's trade, business, or occupation is not appellee's trade, business, or occupation.
The trial court hinged its decision on one point, the fact that Mr. Parrino had begun the construction of the building with his own employees. Once the slab was poured, Parrino contracted out for the completion of the structure. The trial court reasoned that because Parrino had poured the slab and subcontracted the completion of the building that this was in the nature of appellee's trade, business, or occupation.
We find there is no genuine issue as to the following material facts: Parrino is a general commercial contractor and constructing buildings in his trade, business, or occupation; the building in the instant case was being erected for use in the appellee's business; and appellee contracted with Southern to erect the building. We find that under these facts mover was entitled to a summary judgment as a matter of law since he comes within the provisions of La. R.S. 23:1061 and is appellant's statutory employer. Under the Louisiana Workmen's Compensation Act[1] specifically under La. R.S. 23:1032, appellant's exclusive remedy against appellee is workmen's compensation.
Plaintiff-appellant has sued Mr. Parrino as the owner of the land on which the building was being erected. The appellant has pleaded that as owner the defendantappellee committed acts or omissions which caused or contributed to the appellant's injuries and that as owner, appellee is liable, notwithstanding any immunity he enjoys under the Act. Under this argument, appellant asserts that, although appellee may be immune from tort suit in his capacity as statutory employer, appellee is liable in tort suit in his capacity as landowner. This concept is known as the dual capacity doctrine. Larson, The Law of Workmen's Compensation, Section 72.80 at page 14-112, et seq., and the cases cited therein.
Appellee's basic argument is that by virtue of the Act, all of the injuries incurred by appellant occurred such as to place appellant's exclusive remedy within the provisions of the Act. The thrust of appellee's argument is that there was no separate duty owed to plaintiff-appellant by the appellee as landowner, and therefore, the dual capacity doctrine is inapplicable. Both counsel concede there are no decisions on this question.
As we perceive the issue, the question involved can be stated as follows:
When an employee of a statutory employer is injured in the course and scope of his employment on property owned by the statutory employer, and the injury may be wholly or partly caused by or aggravated by the actions or omissions of the landowner-statutory employer as a result of a breach of duty owed to the employee/person, may the employee sue the landowner-statutory employer in tort or is the employee's exclusive remedy in workmen's compensation?
*1107 Appellant's argument is twofold: Appellee, as landowner, chose the location for the erection of the building, failed to request the power lines involved be de-energized, and failed to warn the petitioner of the danger of the power lines. Appellee admits he is the landowner and that he chose the site for the building but again argues that by virtue of La.R.S. 23:1061, appellant's exclusive remedy is under workmen's compensation.
La.R.S. 23:1101 gives an injured employee a cause and right of action against a third person who has a legal liability to that employee.
La.R.S. 23:1101 provides as follows:
"When an injury for which compensation is payable under this Chapter has been sustained under circumstances creating in some person (in this Section referred to as third person) other than the employer a legal liability to pay damages in respect thereto, the injured employee or his dependent may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the injured employee or his dependent against such third person, nor be regarded as establishing a measure of damages for the injury; and such injured employee or his dependent may obtain damages from or proceed at law against such third person to recover damages for the injury.
"Any employer having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or become obligated to pay as compensation to any injured employee or his dependent."
It is apparent that if the landowner in the instant case were another person, a third person who violated legal obligations to the employee, that the employee could sue the third person in tort. Is the landowner to be held liable in tort for breach of legal obligations when he is also immune from tort actions because he is also the statutory employer of the employee? We find he cannot. We have reviewed extensively the dual capacity doctrine and find it is inapplicable. Even if the doctrine were viable in Louisiana, the allegations of fault against the landowner are really failure to furnish employee a safe place to work.
We believe the adoption of the dual capacity doctrine in Louisiana should be made by the Legislature and not the Judiciary. We find the Legislature has already expressed strong policy considerations in formulating the workmen's compensation laws. We believe an abrogation of these policy considerations is best left to the legislative branch of government.
For these reasons, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] Hereafter referred to as the Act.