382 So.2d 231 (1980)
Robert CLEMENT, Plaintiff-Appellant,
v.
Don TAYLOR et al., Defendants-Appellees.
No. 7453.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1980.
Rehearing Denied April 25, 1980.
*232 Keller & Goliwas, William J. Goliwas and John S. Keller, New Orleans, for plaintiff-appellant.
Olivier & Brinkhaus, John L. Olivier, Sunset, W. Paul Hawley, Lafayette, Bienvenu, Foster, Ryan & O'Bannon, H. F. Foster, III, New Orleans, for defendants-appellees.
Before DOMENGEAUX, FORET and SWIFT, JJ.
FORET, Judge.
This is a tort suit. Plaintiff, Robert Clement, instituted this action to recover damages for personal injury sustained in a gas explosion. Made defendants were Marcus Cruse and Syble Cruse, executive officers of plaintiff's employer, Cruse Fabricators. In defendants' answer, third party demands were filed against Sun Oil Company and Northwest Insurance Company, the liability insurer of Cruse Fabricators.
Prior to trial, defendants, Marcus and Syble Cruse, filed a motion for summary judgment seeking dismissal of plaintiff's suit. Defendants also filed a motion for summary judgment requesting the court to declare that the liability policy issued by Northwest to Cruse Fabricators provided coverage to defendants. Sun Oil filed a motion for summary judgment seeking dismissal of the third party demand filed against it.
Following a hearing, the trial court sustained defendants' motion for summary judgment on the principal demand, dismissing plaintiff's suit. The defendants' motion for summary judgment requesting a declaration that the insurance policy issued by Northwest provided coverage to defendants was also granted. The third party demand filed against Sun Oil was dismissed.
From the judgment dismissing plaintiff's suit, plaintiff has perfected this appeal. Third party defendant, Northwest Insurance, perfected an appeal to the court's ruling that the liability policy issued to Cruse Fabricators provided coverage to defendants.
The record reveals that plaintiff, Robert Clement, was employed by Cruse Fabricators. Cruse Fabricators had contracted with Sun Oil Company to repair a section of pipeline at Sun Oil Company's Bell Isle plant in St. Mary Parish. On July 1, 1976, plaintiff, with several other employees, was engaged in the repair of a pipeline at Bell Isle. After a corroded section of pipe had been replaced, plaintiff was ordered to place a protective wrap around the repaired section of pipe. The wrapping was required to be heated before being placed on the pipe. When plaintiff attempted to light a butane torch, a gas explosion occurred, causing plaintiff to suffer serious injuries. This suit was instituted as a result of the injuries sustained by plaintiff.
Plaintiff contends that the trial court erred in sustaining defendants' motion for summary judgment on the main demand. Third party defendants contend that the trial court erred in sustaining the defendants' motion for summary judgment on the issue of insurance coverage.

SUMMARY JUDGMENT
C.C.P. Article 966 provides that a motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.
Only when reasonable minds must inevitably concur, as a matter of law, on the facts before the court is a summary judgment warranted. Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976). The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of a summary judgment and in favor of a trial on the merits. Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963).
Thus, the issue presented in the present case is whether defendants proved that no genuine issue of material fact existed and that they were entitled to judgment as a matter of law.
*233 Defendants moved for summary judgment on the main demand on the grounds that defendants and Sun Oil were joint tort-feasors, and that the release of Sun Oil by plaintiff without reservation of rights discharged defendants.
In Harvey v. Travelers Insurance Company, 163 So.2d 915 (La.App. 3 Cir. 1964), the court stated that "where the negligence of two persons combines to produce injury to a third, the parties at fault are joint tort-feasors. . .." Civil Code Article 2324 provides that joint tort-feasors are bound in solido for the damage occasioned by their act. It is well settled that the conventional discharge in favor of one of the debtors in solido discharges all others, unless the creditor has expressly reserved the right against the remaining debtors in solido. C.C. Article 2203, Hemphill v. Strain, 341 So.2d 1186 (La.App. 1 Cir. 1976), writ ref., 343 So.2d 1072 (La.1977).
In support of their contention that Sun Oil and defendants were joint tort-feasors, defendants introduced into the record the release granted by plaintiff to Sun Oil without reservation of rights. However, the release does not establish that Sun Oil was a tort-feasor, since Sun Oil specifically denies, in the release, any liability for the damages sustained by plaintiff.
Defendants also allege that the petition filed by plaintiff in the present case together with a petition filed by plaintiff against Sun Oil in federal court establishes that defendants and Sun Oil were joint tort-feasors. Plaintiff, in both cases, seeks recovery for damages sustained in the gas explosion.
However, plaintiff, in the petition filed in federal court, stated that the negligence of Sun Oil was the "sole and proximate cause" of his injuries. In the petition filed in state court, plaintiff alleges that the negligence of defendants was the "sole and proximate cause" of his injuries. Clearly, the petitions do not establish that Sun Oil and defendants were joint tort-feasors.
The depositions, written interrogatories, and pleadings in the record do not establish that the negligence of defendants and Sun Oil combined to produce the injury sustained by plaintiff. Since a dispute exists as to whether Sun Oil and defendants were joint tort-feasors, the trial court erred in granting summary judgment on the main demand, dismissing plaintiff's suit.
The trial judge sustained defendants' motion for summary judgment declaring that the policy issued by Northwest provided coverage to defendants. Northwest contends that the court erred in finding that the policy provided coverage.
The insurance policy provides:
". . . the company will pay on behalf of the insured all sums which the insured shall become legally obliged to pay as damages because of A) bodily injury. . . caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements."
The policy also contains the following provision.
"II. PERSONS INSURED.
Each of the following is an insured under this insurance to the extent set forth below:

* * * * * *
(c) if the named insured is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such;"
Clearly, the insurance provisions above provide coverage to defendants. Plaintiff sustained bodily injury in an accident, an *234 occurrence. The named insured is a corporation; therefore, the insurance policy provides coverage to defendants, executive officers of Cruse Fabricators. However, Northwest insurance contends that the defendants are not provided coverage because an exclusionary clause in the insurance policy is applicable.
The exclusionary clause provides as follows:
"It is agreed that, if with respect to operations described in this endorsement there is a discharge, dispersal, release or escape of oil or other petroleum substance or derivative (including any oil refuse or oil mixed with wastes) into or upon any watercourse or body of water, the insurance does not apply to bodily injury or property damage arising out of such discharge, dispersal, release or escape whether or not sudden or accidental.

Description of Operations
Gasoline Recoveryfrom casing head or natural gas
Non-operating working interests
Oil or Gas Well Shooting
Oil or Gas Wellsacidizing
Oil or Gas Wellscementing
Oil or Gas Wellscleaning or swabbing by contractors
Oil or Gas Wellsservicingby contractors
Oil or Gas Wellsdrilling or redrilling, installation or recovery of casing
Oil or Gas Wellsinstrument logging or survey work in wells
Oil or Gas Wellsperforating of casing
Oil Lease Operators or Gas Lease Operatorsnatural gas
Oil Pipe Linesoperation, including maintenance
Oil Rig or Derrick Erecting or Dismantlingwood or metalincluding construction of foundations or structure or installation of equipment."
Plaintiff stated in his deposition that at the time of the accident he was engaged in the repair of a gas pipeline. (R., 94) The maintenance of gas lines does not appear as one of the listed operations to which the exclusionary clause applies. Since plaintiff was injured during the maintenance of a gas pipeline, third party defendants' contention that the exclusionary clause applies is without merit. The trial court did not err in sustaining defendants' motion for summary judgment on the issue of insurance coverage.
For the above and foregoing reasons, the judgment of the trial court sustaining the Cruses' motion for summary judgment on the main demand is reversed. The court's ruling sustaining the Cruses' motion for summary judgment on the issue of insurance coverage is affirmed. The case is remanded for further consideration in accordance with law.
Costs of this appeal are assessed against the defendants; costs in the trial court will be assessed upon final judgment herein.
AFFIRMED IN PART: REVERSED IN PART, AND REMANDED.