410 So.2d 1149 (1981)
Joseph RENNIER, Plaintiff-Appellant,
v.
Joe JOHNSON, Jr., Defendant-Appellee.
No. 8411.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1981.
Writ Denied April 15, 1982.
Alex D. Chapman, Jr., Ville Platte, for plaintiff-appellant.
Gist, Methvin, Hughes & Munsterman, H. B. Gist, Jr., Craven & Scott, Samuel H. Craven, Alexandria, for defendant-appellee.
Before GUIDRY, FORET, SWIFT, DOUCET and LABORDE, JJ.
DOUCET, Judge.
The plaintiff-appellant was assaulted at work by a fellow employee allegedly acting in a supervisory capacity and subsequently received workmen's compensation benefits due to the injuries suffered. Thereafter, the plaintiff brought suit against the tortfeasor, Joe Johnson, Jr., and his employer, Baker Manufacturing Co. and their insurer, *1150 the latter of which filed a motion for summary judgment seeking dismissal as to themselves and their insured. The trial judge granted the motion, apparently being of the belief that workmen's compensation is the exclusive remedy insofar as the liability of the employer for the intentional tort of an employee is concerned. Appellees submit that the "sole issue" presented is whether workmen's compensation is plaintiff's exclusive remedy under the circumstances. The issue as to policy coverage, vis-a-vis employer Baker and Johnson, not having been briefed, will not be considered herein. We reverse and remand.
La.Code Civ.P. art. 966 provides that a motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, show no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. Only when reasonable minds must inevitably concur, as a matter of law, on the facts before the court is a summary judgment warranted. Clement v. Taylor, 382 So.2d 231 (La.App. 3rd Cir. 1980); Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976). Any doubts as to genuine issues of material fact are resolved against the grant of summary judgment and in favor of a trial on the merits. Clement v. Taylor, supra; Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963).
The applicable workmen's compensation law, La.R.S. 23:1032, reads in pertinent part:
"... nothing in this chapter shall affect the liability of the employer, or any officer, director, stock holder, partner or employee or principal [sic] to a fine or penalty under any statutes or the liability, civil or criminal, resulting from an intentional act..." (Emphasis added)
Thus the exclusive nature of the workmen's compensation remedy does not apply to intentional acts. "Intentional act" has been construed to mean the same as "intentional tort" in reference to civil liability. Bazley v. Tortorich, 397 So.2d 475 (La.1981). Plaintiff alleged in his petition, and appellee concedes for purposes of summary judgment, that the attack by Johnson was an intentional act. We hold that such an intentional act, when committed in the course and scope of employment, renders the employer liable in tort to the insured co-employee.
An employer is liable for a tort committed by his employee if, at the time, the employee is acting within the scope of his employment. LeBrane v. Lewis, 292 So.2d 216 (La.1974); La.Civ.Code art. 2320. In LeBrane it was found that the tortious conduct of the supervisor was so closely connected in time, place, and causation to his employment duties as to be regarded a risk of harm fairly attributable to the employer's business. Thus, the test of an employer's liability in tort is similar to the "arising out of and in the course of employment" test applied in workmen's compensation cases. The plaintiff alleges that Johnson was acting in a supervisory capacity at the time of the attack in that he was instructing appellant how to use certain tools for their employer. Appellee denies that Johnson was acting in a supervisory capacity and alleges that his actions were not within the scope of his employment.
From the aforegoing it appears that there are genuine issues of fact, regarding the applicability of the respondeat superior doctrine, material to the plaintiff's right to recover in tort from the appellee and appellee is therefore not entitled to summary judgment as a matter of law. The plaintiff's allegations of fact, viewed in a light most favorable to him, meet the intentional act exception to the exclusiveness of workmen's compensation and state a cause of action for an intentional tort. Accordingly, the judgment of the trial court is reversed and set aside and this action is remanded to same for further proceedings. Costs of this appeal are assessed to appellees; all other costs to await final disposition of this action.
REVERSED AND REMANDED.
GUIDRY, J., concurs and assigns reasons.
*1151 FORET, J., dissents and assigns written reasons.
SWIFT, J., dissents for reasons assigned by FORET, J.
GUIDRY, Judge, concurring.
I respectfully concur. LSA-R.S. 23:1032 specifically provides that nothing in Louisiana's Worker's Compensation Law shall affect the civil liability of the employer under any other statute resulting from an intentional act. It is well settled that an employer is liable for an intentional tort committed by his employee if, at the time, the employee is acting within the scope of his employment. LeBrane v. Lewis, 292 So.2d 216 (La.1974); LSA-C.C. Article 2320. If the legislature intended to restrict applicability of LSA-R.S. 23:1032 to employers who are natural persons as opposed to corporations and to situations where the employer, a natural person, himself, intentionally harms the employee, it could have done so.
FORET, Judge, dissenting.
I respectfully dissent from the views expressed and the decision rendered by the majority.
Plaintiff has a cause of action under workmen's compensation, and that cause of action is his exclusive remedy against his employer. There is no way in which this corporate employer, Baker Manufacturing Company, can be chargeable with having committed an intentional act in the case at bar. The statute is clear that unless the employer commits an intentional act against the employee, that the sole remedy of the employee against the employer is workmen's compensation.