FORET, Judge.
Defendant, Donnie DeRouen, appeals from the trial court’s grant of summary judgment which found DeRouen individually liable on a continuing guaranty in favor of Louisiana Employers Safety Association Insurers Fund (LESA) for the sum of $6,347.98.
FACTS
On August 13, 1984, defendants, Jason, Inc. and Don Der, Inc. d/b/a J & G Pipe Service, as insureds, entered into an agreement with LESA, an organization which provides worker’s compensation insurance to its members in consideration for the payment of premiums. This agreement was signed by Donnie DeRouen and delineated DeRouen’s title as being the President of Don Der, Inc.
In conjunction with LESA membership application, DeRouen executed the following continuing guaranty:
[[Image here]]
LESA instituted this action against defendants, DeRouen, Jason, Inc. and Don Der, Inc. d/b/a J & G Pipe Service for nonpayment of worker’s compensation premiums pursuant to the membership agreement between the parties. Donnie DeR-ouen was named a defendant in his individual capacity based upon his alleged personal guaranty executed in conjunction with the membership application.
Subsequent to an answer being filed on behalf of defendant, Donnie DeRouen, LESA moved for summary judgment in its favor. LESA’s motion for summary judgment was supported by an affidavit regarding the correctness of the open account together with the membership application and continuing guaranty.
Thereafter, DeRouen amended his answer to specifically deny any personal guaranty of the debt sued upon. DeRouen did not file any affidavit in opposition to the motion for summary judgment.
On November 17, 1986, the trial court, without written reasons, granted judgment in favor of LESA in the amount of $6,347.98, together with 10% interest from date of judicial demand, attorney’s fees of 15% of both principal and interest, and all costs of the proceedings.
ISSUES
The determinative issue of this appeal is whether, based upon the pleadings, depositions, and other evidence filed, a genuine issue of fact was presented and whether LESA is entitled to a judgment as a matter of law. La.C.C.P. art. 966, in pertinent part, provides that a trial judge may grant a motion for summary judgment if there *36 are no genuine issues of material fact in dispute and movers are entitled to judgment as a matter of law. DeRouen contends that the material fact at issue is his intent at the time he signed the continuing guaranty.
In support of its motion for summary judgment, LESA offered an affidavit. From this affidavit the following facts are undisputed. Roxanne Moisuk, a representative of LESA, certified that defendants were indebted to plaintiff in the amount of $6,347.98 for premiums due for worker’s compensation. As additional support, LESA filed the membership application and continuing guaranty, both signed by DeR-ouen. Both documents reflect that his signature is followed by a notation that he is President of Don Der, Inc.
DeRouen did not file any opposing affidavit. Therefore, the only undisputed facts are those set forth in Ms. Moisuk's affidavit regarding the correctness of the open account.
In LESA’s petition it was alleged that DeRouen personally guaranteed the payment of the amount due LESA. DeRouen, first by general denial and later by specific denial (in a supplemental answer), has represented that he did not personally guarantee payment of the amount sued for by LESA.
Therefore, there still exists on the face of the supporting documents introduced by LESA, an ambiguity as to the intention of DeRouen when he signed the continuing guaranty. No affidavits or other evidence, other than the ambiguous guaranty itself, have been submitted by LESA in support of its contention that DeRouen signed as a personal guarantor.
SUMMARY JUDGMENT
The jurisprudence concerning summary judgment is well settled.
“One who moves for summary judgment has the burden of demonstrating clearly the absence of genuine issue of fact and any doubt as to the existence of such an issue is resolved against the mover.”
Whitney v. Mallet, 442 So.2d 1861 (La.App. 3 Cir.1983), writ denied, 445 So.2d 437 (La.1984).
“The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of summary judgment and in favor of a trial on the merits to resolve disputed facts.”
Chaisson v. Domingue, 372 So.2d 1225 (La.1979).
“A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavit show no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. C.C.P. art. 966. Papers supporting the position of the party moving for summary judgment are to be closely scrutinized, while the opposing papers are to be indulgently treated. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981). A summary judgment is not appropriate when it is based upon affidavits and accompanying pleadings and other documentary evidence to establish subjective facts such as motive, intent, good faith or knowledge. Mecom v. Mobil Oil Corporation, 299 So.2d 380 (La.App. 3rd Cir.1974), writ ref. 302 So.2d 308 (La.1974), Fontenot v. Aetna Insurance Co., 225 So.2d 648 (La.App. 3rd Cir.1969). Only when reasonable minds must inevitably concur is a summary judgment warranted and any doubts should be resolved in favor of a trial on the merits. Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976); Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963); Clement v. Taylor, 382 So.2d 231 (La.App. 3rd Cir.1980).
Nor is summary judgment appropriate as a vehicle for the disposition of a case, the ultimate decision in which will be based on opinion evidence or the judicial determination of subjective facts. Butler v. Travelers Insurance Co., 233 So.2d 271 (La.App. 1st Cir.1970); Smith v. Preferred Risk Mutual Ins. Co., 185 So.2d 857 (La.App. 3rd Cir.1966).” Whitney v. Mallet, supra, at 1366.
Whether or not LESA is likely to prevail on the merits is irrelevant to our view. *37 Ortego v. Ortego, 425 So.2d 1292 (La.App. 3 Cir.1982), writ denied, 429 So.2d 147 (La.1983). Defendants, Jason, Inc. and Don Der, Inc. d/b/a J & G Pipe Service, were certainly bound to pay the premiums under the membership agreement. If DeRouen signed the continuing guaranty solely in his capacity as an officer of Don Der, Inc., Don Der, Inc. would have guaranteed performance of an agreement on which it was already bound as an insured. This interpretation would render the guaranty superfluous. Nevertheless, a review of the factual allegations as well as the material found in the affidavit persuades us that, resolving all doubts against LESA, a genuine issue of material fact exists as to whether DeRouen intended to sign the continuing guaranty in a personal or a representative capacity. Therefore, DeRouen is entitled to his day in court.
Because of our decision, it is not necessary to reach further assignments of error urged by appellant.
DECREE
For the reasons assigned hereinabove, the judgment of the trial court is reversed and the case is remanded.
Costs of this appeal are assessed against Louisiana Employers Safety Association Insurers Fund. Costs of the trial court shall await final disposition of this matter.
REVERSED AND REMANDED.