555 So.2d 7 (1989)
George W. REEDER and Elva Reeder
v.
LAKS CORPORATION, et al.
Nos. CA 88 1465, CA 88 1813.
Court of Appeals of Louisiana, First Circuit.
November 15, 1989.
Rehearing Denied December 15, 1989.
Writs Denied February 23, 1990.
*8 Richard S. Thomas, Baton Rouge, for intervenor-appellant Louisiana Ins. Guar. Assoc.
Joseph A. Schittone, Baton Rouge, for plaintiff.
David C. Forrester, Hammond, for plaintiff Fidelity Ins. Co.
William H. Forrester, III, Lafayette, for defendant Laks Corp.
James J. Moore, Baton Rouge.
James J. Morse, Baton Rouge.
Steven Giglio, Baton Rouge, for State of La.
David W. Robinson, Baton Rouge, for plaintiff-appellant George W. Reeder, et ux.
Grayson Brown, Baton Rouge.
Judith R. Atkinson, Baton Rouge, for Louisiana Guar. Ins. Co.
Benn Hamilton, Baton Rouge, for defendant Joseph Menzina and Nelson Menzina.
John David Zoiber, Baton Rouge, for Chicago Ins. Co.
H. Evans Scobee, Baton Rouge, for Vigilant Ins. Co. and Dr. Kirshna Yalamanchili.
Before EDWARDS, LANIER and FOIL, JJ.
EDWARDS, Judge.
Plaintiff and appellant, George Reeder, worked at Gonzales Health Care Center (Center), a nursing care facility operated under a lease by The Laks Corporation (Laks). While at work, Mr. Reeder was allegedly hit on the head and seriously injured by a mental patient of the Center.
*9 Suit was filed by Mr. Reeder and his wife against multiple defendants, including the patient, the employer, Laks, its liability insurer, Constitution State Insurance Company (Constitution), and the excess liability insurer, Chicago Insurance Company (Chicago). The Reeders sued to recover damages incurred by them as a result of the injury to Mr. Reeder. Louisiana Insurance Guaranty Association (LIGA) intervened on its own behalf and on behalf of Laks's worker's compensation insurer, Ideal Mutual Insurance Company, which was in liquidation. LIGA sought reimbursement of worker's compensation benefits paid to Mr. Reeder.
Laks and Constitution filed a peremptory exception raising the objection of no cause of action. The trial court, by a judgment signed on April 18, 1988, sustained the exception and dismissed the claims against the two companies. The excess liability insurer, Chicago, also filed an exception of no cause of action. The trial court sustained the exception and dismissed the claims against the excess insurer by a judgment signed on August 8, 1988. The plaintiffs and intervenor, LIGA, appealed both judgments, and the appeals were consolidated.
Plaintiffs argue that the intentional act exception to the exclusive remedy rule of worker's compensation is triggered by the intentional act of the mental patient for whom Laks is vicariously liable under LSA-C.C. art. 2317. Therefore, Laks is subject to a suit in tort and should be held liable for the intentional acts of the patient.
Defendants argue that under the circumstances of this case, the exclusive remedy for the work-related injury is worker's compensation and, therefore, the petition fails to state a cause of action against the employer.

EXCLUSIVE REMEDY RULE
The general rule in employee injury cases is that worker's compensation is the exclusive remedy granted an employee against his employer on account of an accidental injury arising out of and in the course of his employment. LSA-R.S. 23:1031 and 1032. An employee cannot seek recovery in tort for a work-related injury negligently caused by his employer. Bazley v. Tortorich, 397 So.2d 475, 479 (La.1981). The exclusive remedy rule also excludes the employer from the strict liability provisions of LSA-C.C. art. 2317. McCorkle v. Gulf States Utilities Co., 457 So.2d 682, 685 (La.App. 1st Cir.1984); Certain v. Equitable Equipment Co., 453 So.2d 292, 297-98 (La.App. 4th Cir.), cert. denied, 459 So.2d 535 (La.1984). See Hebert v. Gulf States Utilities Co., 369 So.2d 1104, 1106-07 (La.App. 1st Cir.), cert. denied, 369 So.2d 466 (La.1979). However, LSA-R.S. 23:1032 does not affect the liability of an employer for an intentional act committed by the employer or an employee. Jones v. Thomas, 426 So.2d 609, 612 (La. 1983). However, this is only true when the employee who acted was working in the course and scope of the employment. Rennier v. Johnson, 410 So.2d 1149, 1150 (La. App. 3rd Cir.1981), cert. denied, 412 So.2d 1115 (La.1982).

INTENTIONAL ACT EXCEPTION
The second paragraph of LSA-R.S. 1032 provides:
Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
To determine whose intentional act could impose liability on the employer, we must consider the history of the statute and the goal it was designed to achieve.
LSA-R.S. 23:1032 was amended in 1976 by Act 147. The amendment was designed to close a loophole that had developed in worker's compensation law. The absence of a specific bar, prior to 1976, of tort suits against co-employees produced a multitude of cases by injured workers who sought recovery from negligent executive officers and their insurers. The amendment extended the immunity from suit, offered to employers by Section 1032, to co-employees, officers, directors, stockholders, partners, *10 and principals as well. 2 Malone & Johnson, Workers' Compensation Law and Practice § 364 at 152-55, in 14 Louisiana Civil Law Treatise (2d. ed. 1980).
After extending immunity, the second paragraph of Section 1032 makes the exclusive remedy rule inapplicable to intentional acts. Before adopting the exception to immunity, the legislature considered other exemptions which would have allowed extra benefits to the injured employee for an employer's violations of safety rules or the gross negligence of a supervisory employee. These suggested amendments were rejected in favor of the exception covering "intentional or deliberate acts." OFFCIAL JOURNAL OF THE PROCEEINGS OF THE HOUSE OF THE STATE OF LOUISIANA, 2d Reg.Sess. at 20-21 (June 4, 1976). A Senate floor amendment deleted the phrase "or deliberate." OFFCIAL JOURNAL OF THE PROCEEINGS OF THE SENATE OF THE STATE OF LOUISIANA, 2d Reg.Sess. at 41 (July 12, 1976).
The purpose of the 1976 amendment was to enlarge the exclusive remedy rule to provide immunity for other members of the employment network. However, the legislature decided against total immunity for those persons and allowed one exception for intentional acts.
A review of the history and goal of the amendment, and a common-sense reading of the second paragraph of Section 1032 in the context of the entire statute, suggests a legislative trade-off of immunity against tort suits for the listed parties, in return for the employer's agreement to surrender his traditional defenses and assume the responsibility for work-related injuries. Owens v. Martin, 430 So.2d 1248, 1250 (La.App. 1st Cir.1983). The exception for intentional acts recognized the difference between damages caused without an intent to injure and those caused with intent to injure. Bazley v. Tortorich, 397 So.2d at 480. The purpose of the intentional act exception is to prevent a person granted immunity, who intentionally inflicts an injury on an employee, from using the immunity to protect himself against the consequences of his own willful misconduct. Johnson, Developments in the Law, 1980-1981Workers' Compensation, 42 La.L. Rev. 620, 631-32 (1982).
It is not necessary for us to decide whether the employer should be liable, or under what circumstances, for the intentional acts of all the parties listed in Section 1032, because the facts of this case do not raise that question. However, based on the review and analysis of the legislative history and goal of the statute, we do conclude that the legislature did not intend to subject the employer to a tort suit by the injured employee and hold the employer liable for the intentional acts of third parties who are not listed in the statute and not employees of the company.
The patient is not an employee of Laks, but rather the focus of the employment, the person for whom Laks's employees provide care. The employee, Mr. Reeder, was working in the course and scope of his employment when he was injured. These types of work-related injuries are the very accidents covered by the worker's compensation statute.
The plaintiffs argue that the employer should be liable for the intentional acts of the patient because the employer was responsible for the patient who was in its care. The plaintiffs' asserted cause of action is primarily based on the strict liability afforded by LSA-C.C. art. 2317 and the legal obligations plaintiffs argue are imposed by that article on the caretaker, Laks. This court in Hebert stated that a "dual capacity" argument, which would allow the employee to receive worker's compensation from his employer and to file a suit in tort against the same employer in another capacity, is not valid. Hebert, 369 So.2d at 1107. "Even if the doctrine were viable in Louisiana, the allegations of fault against the [employer] are really failure to furnish employee a safe place to work." Hebert, 369 So.2d at 1107. The same is true in this suit. The allegations of fault against Laks are really negligent supervision and failure to provide a safe work place. Recovery for an accident that occurred because of unsafe working conditions *11 is limited to worker's compensation. LSA-R.S. 23:1032; Courtney v. BASF Wyandotte Corp., 385 So.2d 391, 394 (La. App. 1st Cir.), cert. denied, 386 So.2d 359 (La.1980).
A narrow interpretation of Act 147 has been adopted by the courts since the passage of the 1976 amendment. This narrow interpretation is consistent with the history of the legislation and the policy of the amendment. Babin v. Edwards, 456 So.2d 659, 662 (La.App. 1st Cir.), cert. denied, 460 So.2d 604 (La.1984). Although plaintiffs' argument is creative, to allow a broad interpretation, as plaintiffs suggest, would create another loophole and lead to absurd results.

NO CAUSE OF ACTION
The inquiry of the court in reviewing the sustaining of an exception of no cause of action is whether, based on the allegations of the petition, the law affords any remedy to plaintiffs. In making the determination, the well-pleaded facts in the petition are accepted as true. Doubts are resolved in favor of the sufficiency of the petition. LSA-C.C.P. art. 927, 931; Johnson v. Edmonston, 383 So.2d 1277, 1281-82 (La.App. 1st Cir.1980).
The plaintiffs' petition asks for damages from Laks for the work-related injuries to plaintiff, Mr. Reeder, that resulted from the intentional act of the patient who was in the care of the Center operated by Laks. A review of the petition's allegations in this suit shows that the law affords no remedy to plaintiff, and, therefore, the petition states no cause of action.[1]
For these reasons, the judgments of the trial court are affirmed. All costs of the appeal are to be divided equally between intervenor, Louisiana Insurance Guaranty Association, and plaintiffs, the Reeders.
AFFIRMED.
NOTES
[1] Because it is not necessary to the decision in this case, we pretermit the issues of Laks's vicarious liability for the patient and the sufficiency of the allegations of fact to plead the intent element of the intentional act cause of action.