596 So.2d 249 (1992)
METRO COMMUNICATIONS, INC., Plaintiff-Appellee,
v.
Kris CALLEN, d/b/a Marcello's, Defendant-Appellant.
No. 90-958.
Court of Appeal of Louisiana, Third Circuit.
March 11, 1992.
*250 Debra J. Becnel, Lafayette, for defendant-appellant.
David F. Hutchins, Lafayette, for plaintiff-appellee.
Before DOMENGEAUX, C.J., and STOKER and YELVERTON, JJ.
YELVERTON, Judge.
Metro Communications, Inc., sued Kris Callen on a written contract for music service and, after a trial, obtained a judgment for $4,136.40. Callen appeals. We reverse and render judgment for the defendant, with costs.
Metro Communications alleged as Article 2 of its petition that defendant and plaintiff entered into a contract for music service. The contract was attached to the petition. The contract named one party as Metro Communications, Inc., and the other as "Subscriber." At the bottom on a line for that purpose the subscriber was identified as Marcello's. Under that line were spaces for the signature and title of the person representing the subscriber, so:
 SUBSCRIBER Marcello's
 By /s/ Kris Callen Title MGR.
Callen filed a pro se answer to the petition denying Article 2 of the petition, and denying any indebtedness. On the day before trial, Callen hired counsel.
The following is a narrative of facts from the record:
This case was called for trial in City Court, Lafayette, Louisiana, on the 10th day of May, 1990, the Honorable Judge Michael G. Sullivan, presiding.
At the opening of plaintiff's case, defendant, KRIS CALLEN, filed an Exception of No Cause of Action (Record, page 8). The Court took a short recess and returned to the bench to deny the Exception, ruling that although it was not untimely filed, the nature of the Exception was to plead the affirmative defense of representative capacity and therefore it would be treated as an affirmative defense rather than an Exception of No Cause of Action and thus, it was filed too late and therefore disallowed.
Thereupon, counsel for defendant, KRIS CALLEN, informed the Court that she had been retained on May 9th, to represent this defendant who had previously filed his own Answer, in proper person, and, in light of the Court's refusal to entertain the Exception of No Cause of Action and her inability to adequately prepare the defense, she moved for a continuance. The Court at this time denied the Motion for Continuance and ordered plaintiff to proceed.
Plaintiff thereupon called his first and only witness, a representative and employee *251 of plaintiff, METRO COMMUNICATIONS, INC., a Mississippi Corporation. Plaintiff's witness was asked to identify a document purporting to be a contract between METRO COMMUNICATIONS, INC. and MARCELLO'S. This contract was introduced into evidence as Plaintiff's Exhibit "1", (Record, pages 10-11). Plaintiff's witness testified that the goods and services which were indicated to be provided under this contract were in fact provided and that there remained due and owing under the contract the sum of $4,642.01. Plaintiff's witness also testified that she is the one that procured the signature on the document. Thereupon plaintiff's witness was excused and plaintiff rested his case.
At the close of plaintiff's case defendant moved for Judgment in as much as there had been no evidence submitted to indicate that the defendant, KRIS CALLEN, was personally bound by the terms of the contract. The court denied defendant's Motion. Thereupon defendant requested that the remainder of the trial be transcribed and the defense is in fact transcribed in the Note of Evidence attached hereto as Exhibit "C" beginning on page 41 and continuing through page 63.
The narrative of facts is in lieu of the plaintiff's side of the case. Defendant's side was transcribed and is in evidence. That part of defendant's evidence which the trial judge regarded as supportive of the "representative capacity affirmative defense" is in the record as a proffer.
We must first decide what makes up the record before us on this appeal. Of course, the narrative of facts is part of it, by virtue of La.C.C.P. arts. 2130 and 2131.
We also regard the transcribed portion of the testimony, i.e., the defense, including the proffered portions, as wholly admissible. It was error for the trial court to deny Callen the right to offer evidence that he was not personally a party to the contract. The only defendant was Kris Callen, individually. Article 2 of the petition alleged that Callen was liable on the contract. He denied that allegation. On this question issue was joined in the pleadings, by the allegations of Article 2 of the petition, and Callen's denial of those allegations in his answer. When an allegation essential to the plaintiff's case is denied by the defendant, it is unnecessary for the defendant to repeat that denial as an affirmative defense, in order to be heard on it. Williams v. Fisher, 79 So.2d 127 (La. App. 1st Cir.1955).
Accordingly, we will consider the narrative of facts, the exhibits in evidence, and all of the proffered testimony, including Callen's testimony, and the testimony of Callen's witness, Kenneth Sullivan, in deciding whether plaintiff proved its case.
The narrative of facts discloses that Metro Communications relied entirely on the written contract to prove Callen's indebtedness. The contract, however, discloses that the subscriber was Marcello's, and that Callen signed as manager.
Louisiana law has long provided that an agent who fails to disclose his status and his principal's identity becomes personally liable for debts incurred at his behest, even if the work is done for the benefit of his principal. La.C.C. Arts. 3012 and 3013; Andrus v. Bourque, 442 So.2d 1383 (La.App. 3rd Cir.1983). The agent has the burden to prove he disclosed this agency status and the identity of his principal, if he wishes to avoid personal liability. Id. The special defense of agency cannot be proved by the mere testimony of defendant. He must be corroborated by other evidence. Id. See, also, You'll See Seafoods, Inc. v. Gravois, 520 So.2d 461 (La. App. 5th Cir.1988), writ denied 523 So.2d 218 (La.1988).
In the present case there was evidence introduced by defendant that Marcello's was a restaurant in Lafayette, Louisiana, owned by Performance Institute of Southwest Louisiana, Inc. Callen testified that he was only the manager. An accountant, Sullivan, testified that the restaurant was owned by Performance Institute, and that Callen did not own any stock in that corporation. Thus, the only evidence in the record is that Marcello's was the *252 subscriber, or principal, and Callen was its agent. There is no question that the agent disclosed his status and his principal's identity because the contract itself says so. Callen's defense was presented by his testimony, and corroborated by both the contract and the testimony of Sullivan.
Because the plaintiff presented no evidence in chief that Callen was personally liable, and no rebuttal evidence to refute Callen's denial of his personal liability, we must reverse the judgment for failure of the plaintiff to prove its case. We render judgment in favor of the defendant, rejecting the plaintiff's demands. The plaintiff will pay costs both below and on this appeal.
REVERSED AND RENDERED.