BYRNES, Judge.
On May 4, 1990 plaintiff-appellant Lawrence E. Haydel, Jr., d/b/a Haydel Drywall Company brought suit for amounts in connection with Construction work due from Morvant Construction Co., Inc. and John A. Morvant, Jr. in the sum of $92,698.86 and 33½ percent attorney’s fees.
Judgement by defendant was rendered in favor of Haydel and against Morvant Construction and Morvant as prayed.
Pursuant to the petition of Morvant and Morvant Construction the trial court annulled the default judgment by judgment dated October 18, 1991. That judgment is not at issue in this appeal.
On October 19, 1992 the trial court rendered summary judgment in favor of John S. Morvant, Jr. dismissing all of Haydel’s claims against him individually, but reserving all of Haydel’s rights against Morvant Construction Company, Inc. Haydel appeals.
It is not disputed that there are two written contracts in the record executed by Mor-vant Construction Co. Inc. and Haydel Drywall Company, one for $310,0000 and a second for $52,000. John S. Morvant, Jr. clearly signed both documents on behalf of Morvant Construction Co. Inc., not in his individual capacity.
Although it is clear from the face of the contracts that Morvant signed only in his representative capacity, Haydel contends that it was Morvant’s intention to sign in his individual capacity as well.
Therefore, Haydel concludes that this court should reverse the summary judgment citing many cases in support of his argument that:
It is well-settled that summary judgment is generally not appropriate to show the intent of parties to a contract, except where their intent is clear from the contract itself.
This court agrees with Haydel’s contention, but finds that the contracts at issue in this case fall under the exception referred to by Haydel, i.e., it is clear from the face of the contracts that Morvant signed for Morvant Construction and not for himself. Louisiana Emp. Safety Ass’n Insurers Fund v. Derouen, 527 So.2d 34 (La.App. 3 Cir.1988) fails to support Haydel’s position. In Derouen, the defendant signed the disputed documents “Donnie Derouen, President of Don Der, Inc.” The trial court in Derouen, did the opposite of what the trial court did in this case, i.e., in Derouen the trial court on summary judgment held the defendant individually liable and, therefore, the appellate court quite properly reversed and remanded. In Derouen the appellate court found that the appearance of the defendant’s signature in his corporate capacity on the face of the document was sufficient to challenge the allegation that he was individually liable even though the defendant had failed to file an opposing affidavit to plaintiffs motion for summary judgment.
There are no reasons for judgment in the record. However, it is necessarily implicit in the judgment of the trial court that John Morvant, Jr. signed the contracts in his rep *444 resentative capacity only. This Court agrees that the face of the documents supports that conclusion. In opposition, Haydel failed to set forth specific facts showing that there is a genuine issue for trial concerning the signatures on the contracts. LSA-C.C.P. art. 967. Therefore, to that extent we affirm the decision of the trial court.
However, Haydel in his petition and in his affidavit in opposition to Morvant’s motion for summary judgment makes a claim for “extras, on a ‘cost plus’ basis” that appear to go beyond what was provided for in the written contract, for which he avers that John Morvant agreed verbally to be hable. If that could be proven Haydel might, indeed, have a valid claim against John Mor-vant, Jr., individually.
Annexed to Haydel’s affidavit is a listing of various change orders together with copies of what appear to be Morvant’s personal checks which, if properly and convincingly explained, could conceivably support Haydel’s assertions. It is not the function of this Court, in reviewing a motion for summary judgment, to determine the likelihood of Haydel’s success upon remand. It is only the function of this Court to determine whether Haydel has succeeded in raising one or more genuine issues of material fact. This court finds that Haydel has succeeded in doing so.
Haydel also argues that John Mor-vant’s general denial of liability is insufficient to raise the defense that Morvant was not individually liable to Haydel. Haydel contends that this is an affirmative defense that Morvant waived when he failed to include it in his answer, and that Morvant should not be allowed to raise it as the basis of his motion for summary judgment. We disagree. Metro Communications, Inc. v. Callen, 596 So.2d 249 (La.App. 3 Cir.1992).
Where the issue of affirmative defense is concerned Callen is virtually identical to the instant case. In Callen the defendant signed the contract in question in his representative capacity. He denied plaintiffs allegations of liability but did not plead his representative capacity as an affirmative defense. The Callen court at 596 So.2d 249, 251 stated that:
“Article 2 of the petition alleged that Cal-len was hable on the contract. He denied that allegation. On this question issue was joined in the pleadings, by the allegations of Article 2 of the petition, and Callen’s denial of those allegations in his answer. When an allegation essential to the plaintiffs ease is denied by the defendant, it is unnecessary for the defendant to repeat that denial as an affirmative defense, in order to be heard on it.”
We agree with Williams v. Fisher, 79 So.2d 127, 128 (La.App. 1 Cir.1955) where the court stated that affirmative defenses “... are defenses which admit that the obligation exists or did exist, but allege that the obligation is extinguished, for such reasons as payment, remission, compensation, etc., ... or which allege the obligation is voidable, such as fraud or error ...”.
In each of the cases cited by Haydel on this issue, the defendant did not deny the existence of the claim against him; the defendant merely asserted that he had a good reason for not paying it. Thus in First Nat. Bank v. Higgs, 406 So.2d 673 (La.App. 2 Cir.1981) the court held that a plea of “forbearance” was an affirmative defense to a suit on a note. In Webster v. Rushing, 316 So.2d 111 (La.1975) the court held that the failure of a loan broker to register as such as required by law was an affirmative defense to a claim by that broker for commissions, which defense the defendant lost when he failed to plead it specifically. Finally, in Trans Co. v. Bellevue Baptist Church of Metairie, 233 So.2d 13 (La.App. 4 Cir.1970) the court held that defendant’s plea that it should be given credit for expenses incurred in replacing a defective air-conditioner supplied by plaintiff as an off-set to plaintiff’s demand for payment, was an affirmative defense which defendant waived when it faded to raise it in its answer.
As distinguished from all of the above cases cited by Haydel, in the instant ease John Morvant, Jr. was never liable to Haydel on the contracts that he signed in his representative capacity. It is sufficient that Mor-vant simply deny liability.
For the foregoing reasons the judgment of the trial court is affirmed to the extent that it *445 reserves to Lawrence E. Haydel, Jr., d/b/a Haydel Construction Company all of his rights against Morvant Construction Company, Inc. and to the extent that it dismissed all claims against John S. Morvant, Jr. arising out of the two written construction contracts in the record.
However, the said judgment of the trial court is reversed and remanded for the limited purpose of allowing plaintiff-appellant to attempt to prove that John Morvant, Jr. may be individually liable for “extras” not provided for in the written contracts.

REVERSED IN PART AND AFFIRMED IN PART.

PLOTKIN, J., concurs in part; dissents in part with reasons.