JjMARVIN, Chief Judge.
In this action on an open account first instituted against “Gary T. Latham F/D/B/A Lateo Pump & Supply Co., Inc.,” in 1993, and amended in 1994 to name Gary D. Latham F/D/B/A Lateo Pump & Supply Co., Inc., in the alternative as the defendant, Gary T. Latham appeals a summary judgment that was granted and signed, but not for the amount sued for, on plaintiffs motion after Gary T. Latham was served in 1994 and answered with a general denial, raising no affirmative defenses.[1] The record does not show that Gary D. Latham was served.
We reverse the summary judgment and remand.
DISCUSSION
The attachments to plaintiffs petition [affidavit of its vice-president and invoices] show that the goods allegedly sold on account were billed to “Lateo Pump & Supply Co., Inc.” The copy of the demand letter attached to the petition is addressed to
Lateo Pump & Supply Inc.
Mr. Gary Latham
A brief, but no additional supporting document other than the same affidavit of plaintiffs vice-president bearing a new date, was filed with plaintiffs motion for summary judgment.
In opposition to the motion for summary judgment Gary T. Latham filed a brief and an affidavit swearing that he was a mere salaried employee of Lateo Pump & Supply Co., Inc., until May, 1992; that he never owned any ^interest in Lateo Pump & Supply Co., Inc.; and that the owner of Lateo Pump & Supply Co., Inc., was his father, Gary D. Latham.
Gary T. Latham, the only named or alternatively named defendant in the record upon whom service and citation were made, denied in his answer to the petition his liability on the account. Whether or how Gary T. La-tham became personally liable on the alleged debt billed to Lateo Pump & Supply Co., Inc., is not asserted in any document attached to plaintiffs petition or filed in support of the motion for summary judgment.
Plaintiff argued that summary judgment should be granted because Gary T. Latham did not plead an affirmative defense in his answer to the petition. Where, however, an allegation by a plaintiff essential to *831 plaintiffs case is denied by a defendant, such as an individual’s personal responsibility on an obligation that individual makes in a representative capacity for another [Gary T. La-tham F/D/B/A ... ], the defendant need not repeat that same denial as an affirmative defense in order to introduce evidence on the representative capacity as a defense. See Metro Communications, Inc. v. Callen, 596 So.2d 249 (La.App. 3d Cir.1992).
The purpose of requiring a defendant to plead an affirmative defense is to give fair notice to the plaintiff. Shrader v. Life General Sec. Ins. Co., 588 So.2d 1309 (La.App.2d Cir.1991), writ denied. Plaintiffs 1994 amended petition naming Gary D. Latham as an alternative defendant in the event Gary T. Latham was not the proper party defendant, shows that plaintiff was acutely aware of the problem of the proper party defendant. Gary TjjLatham’s general denial of liability and his affidavit that his father, and not he, owned Lateo Pump & Supply Co., Inc., further supports our conclusion.
Summary judgment under these circumstances was not warranted because the material fact of Gary T. Latham’s capacity with Lateo Pump & Supply Co., Inc., was, and is, genuinely disputed. CCP Art. 966.
DECREE
The summary judgment is reversed at the cost of plaintiff and the matter is remanded.

. The petition, amended petition, affidavit and motion for summary judgment list the amount due as $7,793.87 but the judgment awards $3,000.