| iSTEWART, J.
This employment contract case comes before this court from the First Judicial District Court, Parish of Caddo, State of Loui *1036 siana, Honorable Frank H. Thaxton, III, presiding. The plaintiff filed suit alleging that the defendant terminated his employment prior to the ending term of the employment contract without serious cause and sought to recover the balance of his salary due under the employment contract $53,-333.33, cost of health insurance $482.95 a month, or $3,863.60, penalties under La. R.S. 23:631 and 632 and reasonable attorney’s fees and costs. The trial court concluded that the defendant terminated the plaintiff for cause. However, the trial court found that the plaintiff was entitled to recover wages totaling $6,666.67, reasonable attorney fees.
FACTS
The contract was between Campbell and VSC Communications, Inc. (VSC), the owner operator of KSLA-12 television station at the time the contract was made, January 1, 1995. The contract provided that Campbell would be employed by VSC for a term of two years commencing January 1, 1995, and ending December 31, 1996, with a salary of $76,000 in 1995 and $80,000 in 1996.
According to, Alan Cartwright, the station’s general manager at the time, the contract was a precaution because of Viacom’s engagement in serious discussions about a possible sale of the station. The contract would protect Campbell and ensure that the station did not lose a key employee prior to the sale.
In September 1995, the station was acquired by the defendant, Elcom of Louisiana, Inc. Before acquisition of the station, the defendant conducted several months of “due diligence”[1] during which time the employment contract was made |2known to Elcom. On December 4, 1995, Mr. Ed Bradley, defendant, assumed the position of vice-president and general manager.
In January 1996, the Elcom paid Campbell a substantial performance bonus. On or about January 22, 1996, Campbell and other employees were required to execute an Employee Confidentiality and Non-Competition Agreement.
On March 13, 1996, the plaintiff was advised by the general manager, Ed Bradley that he was being terminated effective May 31, 1996. Campbell continued to work at the station. However, on April 26, 1996, Campbell was terminated. Campbell then requested written reasons for his termination, as required by the employment contract. He was given a memo dated March 13, 1996, from Ed Bradley to his superior, Terry Mac-kin in Atlanta, Georgia. According to the memo the reasons for termination were: 1) unable to articulate a vision for the KSLA news department; 2) no strategic plan; 3) lack of oversight of the morning show, and 4) inability to operate the news department within agreed upon budgets.
On June 25,1996, Campbell filed suit seeking recovery of the balance of his salary under the employment contract, $53,333.33, health insurance of $482.95 a month, or $3,863.60, penalties under La. R.S. 23:631 and 632, and reasonable attorney fees and costs.
On July 17, 1996, Elcom filed an answer contending that Campbell was terminated for cause for failure to perform his duties in a diligent, skillful, and a competent manner, as required by the employment agreement.
On September 3, 1997, an amended petition was filed naming Courtney Campbell, the plaintiffs wife, as a party plaintiff. The amended petition sought the recovery of moving expenses and lost of income to Courtney Campbell, in addition to the damages sought in the original petition. Prior to trial, in response to | <¡the amended petition, Elcom filed a peremptory exception of no right of action and no cause of action because Courtney Campbell was neither a party to the contract nor a third party beneficiary.
On February 20, 1998, the trial court entered two judgments. The first judgment sustained Elcom’s peremptory exception to the claims of Courtney Campbell. The second judgment awarded Mr. Campbell *1037 $6,666.67 plus interest, court costs and reasonable attorney fees, including wages for the period from May 1,1996 through May 31, 1996. The trial court reasoned that wages were owed to Campbell because he was terminated on April 26,1996 instead of May 31, 1996, in accordance with the written notice. The trial court found that of the four grounds for termination, two amounted to cause as contemplated by the contract, inability to operate the news department within agreed upon budgets and the news morning show experienced serious difficulties in being timely produced.
DISCUSSION
In Rosell v. ESCO, 549 So.2d 840, 844 (La.1989) the Louisiana Supreme Court explained:
It is well settled that a court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong,” and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978) [remaining citations omitted].
FAILURE TO APPLY “SERIOUS CAUSE” STANDARD
In the first assignment of error, Campbell urges that the trial court erred by failing to apply the serious cause standards under Louisiana law for the discharge of an employee hired for a term, resulting in the court’s failure to award Campbell the balance of his compensation for the term and relocation expenses. Campbell urges that the rights of a party to a contract of employment for term are governed by La. Civ.Code arts. 2746, 2750, specifically La. Civ.Code art. 2749, and that an employee who has been wrongfully terminated without serious grounds is entitled to the balance of his compensation for the term without reference to whether or not he obtained other employment. Andrepont v. Lake Charles Harbor and Terminal District, 602 So.2d 704 (La.1992); Carlson v. Ewing, 219 La. 961, 54 So.2d 414 (1951).
However, Elcom argues that the contract provided in Section 3.1(a) that Campbell’s employment could be terminated immediately for cause, including failure to perform his duties as News Director as a diligent, competent, and skillful manager, and that Ed Bradley informed Campbell that he was to be terminated in a face-to-face meeting on March 13, 1996, and that the reasons for termination are legitimate and constitute cause under the contract.
Elcom further argues that an employee’s failure to perform his job adequately constitutes just cause for termination, that Campbell was unable or unwilling to manage the News Department’s overtime expenses within budget guidelines, that Campbell was consistently over-budget prior to Eleom’s acquisition of the station and once Elcom acquired the station Campbell was warned that overtime budget overruns were unacceptable to Elcom. Ed Bradley told Campbell in December 1995 and in early 1996 that he had to control overtime. Despite those warnings, in the six months of Eleom’s ownership, Campbell failed to bring the overtime expense anywhere near budgeted amounts. It was a part of Campbell’s job duties to operate within the budget.
The trial court found that, although subjective criteria must be considered, the termination by the defendant, Elcom, was legally with cause as contemplated | gby the contract, that Campbell was terminated with written notice and that the contract provides that it shall be governed by California law, under which Campbell is entitled to recover attorney fees for the recovery of nonpayment of wages.
Upon review of the record and evidence, we find that despite warnings, Campbell failed to bring the overtime expense within budgeted amounts, that it was a part of Campbell’s job duties to operate within the budget and that Campbell was aware of the seriousness of his overtime problems, which is evident by a memo he wrote to his news staff calling the situation ‘chronic’ and ‘out of control’ and admitted that he had not been *1038 enforcing the station’s overtime policy by requiring preapproval.' Therefore, we conclude that the trial court did not abuse its discretion in determining that Elcom had legal, cause and was justified in terminating Campbell’s employment contract.
BURDEN OF PROOF
In the second assignment of error, Campbell urges that the trial court erred in not finding that Elcom failed to satisfy its burden of proving the affirmative defense that serious cause existed to terminate Campbell.
However, Elcom argues that its assertion that Campbell was terminated for cause does not constitute an affirmative defense, and that Elcom’s reassertion of its denial of Campbell’s not-for-cause allegation does not make such a denial an affirmative defense. The plaintiff bears the burden of proving allegations essential to his case, and Elcom’s reassertion of its denial of those allegations as an affirmative defense does not raise any new matters, nor does it shift the burden from the plaintiff. Metro Communications, Inc. v. Callen, 596 So.2d 249 (La.App. 3rd Cir.1992).
| r>An affirmative defense raises a new matter which, assuming the allegations in the petition to be true, constitutes a defense to the action and will have the effect of defeating plaintiffs demand on its merits. The purpose of pleading a special defense is to give fair and adequate notice of the nature of the defense so that a plaintiff is not surprised. Webster v. Rushing, 316 So.2d 111 (La.1975); Metro, supra. The new matter raised must be one not raised by plaintiffs petition.
In the instant case, no mention of an affirmative defense was made in the defendant’s answer. In fact, Elcom’s answer specifically addressed the issue of Campbell’s allegation that Elcom lacked cause for termination. The answer also denied the allegations regarding the factual basis for that claim, with no mention of a legal basis for avoiding liability. We conclude that Elcom’s attempt to defeat Campbell’s action, by disproving an essential element of his claim, was not an affirmative defense. Campbell had the burden of proof and failed to meet the burden of proof required to establish his claim. For the above reasons, the trial court’s discretion will not be disturbed and its judgment is affirmed.
AFFIRMED.

. Prior to acquisition of Viacom, Elcom researched and investigated the viability and feasibility of acquiring the station. During that period Elcom interviewed key personnel at the station.