233 So.2d 271 (1970)
Leo BUTLER et al.
v.
The TRAVELERS INSURANCE CO. et al.
No. 7923.
Court of Appeal of Louisiana, First Circuit.
March 9, 1970.
Rehearing Denied April 13, 1970.
*272 Bryant W. Conway, Baker, for appellants.
Taylor, Porter, Brooks & Phillips, by Robert J. Vandaworker, Baton Rouge, and Seale, Smith, Baine & Phelps, by A. G. Seale, Baton Rouge, for appellees.
Before LANDRY, SARTAIN, and ELLIS, JJ.
ELLIS, Judge.
Lillie Mae Wade Butler, one of the plaintiffs herein, suffered a cut on her knee, and as a consequence thereof was treated by Dr. William C. Dunbar and by Dr. William E. Smith. Dr. Dunbar saw her when she was initially admitted to the hospital with the cut on her knee, and Dr. Smith, assisted by Dr. Dunbar, performed an operation thereon. Shortly thereafter, plaintiff was stricken with lockjaw and was quite seriously ill. This suit was brought against Drs. Dunbar and Smith, and their insurers, alleging negligence in their treatment of Mrs. Butler, in a number of respects. Motion for summary judgment was filed by Dr. Dunbar, and by Dr. Smith, supported in each case by the affidavits of the doctors themselves as well as a third affidavit executed by Dr. Richard A. Faust, an acknowledged expert in the field of tetanus. Depositions of both defendants, of Mrs. Butler, her hospital record, and certain documents relating to the treatment of tetanus were also filed.
The district judge granted the motions for summary judgment, dismissing plaintiff's case at his cost. From that judgment, plaintiff has appealed.
The affidavits of Drs. Dunbar and Smith detail the treatment afforded by them to the plaintiff. The affidavit of Dr. Faust states his qualifications, which are impressive, and further states that he has reviewed the entire record in this case as well as the affidavits filed by the two doctors and was of the opinion that the course of treatment followed by the two physicians was proper and within the standard of medical care prevailing in the community.
We do not believe that this showing is sufficient to sustain a motion for summary judgment, or that this case is one which is appropriate for the use of summary judgment procedure.
It is true that the "facts" of the case are largely undisputed. As we understand the meaning of "fact" in the context of Articles 966 and 967 of the Code of Civil Procedure, it relates to the events, or happenings, or circumstances which give rise to the case. Here, it would include the nature of the injury suffered by the plaintiff, and the course of treatment followed by the defendants.
The propriety of that course of treatment, to which Dr. Faust's affidavit relates, is not a fact, but is the subject of opinion. It becomes a "fact" only when there has been a judicial determination of the ultimate question in the case.
Summary judgment is no substitute for trial on the merits. It should not be used as such, even in cases in which the trial judge feels that there is little or no likelihood of a successful prosecution or defense of the case by the respondent. Neither do we think it appropriate as a vehicle for the disposition of a case, the ultimate decision in which will be based on opinion evidence, or on the judicial determination of subjective facts. In this connection, see Smith v. Preferred Risk Mutual Insurance Co., 185 So.2d 857, 860 (La.App. 3 Cir. *273 1966); Fontenot v. Aetna Insurance Company, 225 So.2d 648 (La.App. 3 Cir. 1969).
The major differences in this case relate to whether or not the defendant followed the proper course of treatment. These are differences of opinion, not fact, and there is enough in the record to indicate that there is room for disagreement on this point.
However, if there were nothing in the record other than Dr. Faust's affidavit, we would still feel constrained to deny the motion. This type of testimony depends on the credibility of the witness, and is particularly vulnerable to cross examination. The question presented is one which is best determined after a full trial on the merits.
We are of the opinion that the motion for summary judgment was not an appropriate vehicle for the disposition of this case. The judgment appealed from is reversed, and the case remanded for trial on the merits. The assessment of costs is to await the final determination of the case.
Reversed and remanded.