YELVERTON, Judge.
Ernest Babineaux, Sr., appeals the summary judgment dismissal of his posses-sory action petition, contending that the trial court erred in concluding that the failure of the summary judgment evidence to establish that he had a real right in the immovable property where the dispute lies, conclusively established that he could not maintain the possessory action. We agree that this was error, because the maintenance of the possessory action does not require proof of ownership of a real right, but only proof of possession of a real right. We reverse and set aside the summary judgment and remand the case for further proceedings.
The procedural facts and summary judgment evidence based on which we remand this case, concern a driveway between plaintiffs house and defendants’ adjacent property. Both properties front on a public road; plaintiff’s lot is 86 feet wide.
On July 29, 1983, plaintiff Babineaux filed a possessory action against the defendants, Robert Theriot, Anna Lee Theriot, Clarence Hulin, Jr. and Laura Hulin, seeking to be maintained in his possession of a driveway and parking area he had used for 17 years. He alleged that the defendants, a week before suit was filed, disturbed him in the possession of the driveway and parking area, and he asked for damages for that disturbance, and prayed for an injunction to prevent further disturbances. Babineaux claimed that when he bought his 86' lot from his and defendants’ common ancestor 17 years earlier, his vendor granted him a servitude of passage and use for a driveway and parking area affecting a strip about 40 feet wide by 160 feet long lying adjacent to the property purchased and perpendicular to the public road. He alleged that he had had undisturbed use and enjoyment of this servitude for 17 years.
After the defendants acquired the property lying on that side of plaintiff’s 86' lot, they stopped him from using the servitude. This suit was immediately filed. Both sides filed motions for summary judgment. Both motions were heard and the trial judge granted the motion in favor of defendants, dismissing plaintiff’s suit.
The summary judgment evidence consisted of the pleadings and a number of affidavits, 35 of them executed on behalf of plaintiff by people who knew of his maintenance and use of the driveway and parking area for well in excess of one year, most of them dating his use of the property back 17 years. Additionally, plaintiff introduced the affidavit of George Landry stating that he was present when plaintiff purchased his property from Lee Landry back in 1966, and that Lee Landry told plaintiff then he could use the strip between the two tracts of land. This affidavit stated that Lee Landry maintained the servitude once after it was established, and that plaintiff, Babi-neaux, maintained it since his purchase.
Similarly, the affidavit of Linda Landry Lanceaux stated that her grandfather, Lee Landry, built this right-of-way for plaintiff’s house. Her affidavit also said that when she acquired the property she obeyed her grandfather’s wishes to give plaintiff the right-of-way to the back of his property. She, too, said that plaintiff has been maintaining the right-of-way for 17 years. She was the one who sold the property on *292 which the servitude exists to the defendants.
Defendants in their answer denied the existence of a servitude. The summary judgment evidence on which they relied consisted primarily of their answer to the petition and amending petition, and their answers to interrogatories propounded by plaintiff. In these answers they denied that plaintiff had any record or prescriptive title to the real right of which he claimed possession in his petition.
The trial judge, after examining the summary judgment evidence, concluded that, since plaintiff did not have a written title to the servitude, and could not show that he had acquired it through 30 years acquisitive prescription, plaintiff as a matter of law was unable to show that he had acquired a real right in the immovable property, and he therefore granted the plaintiffs motion for summary judgment.
On this appeal we need not decide what this real right is that plaintiff claims to possess. If it is one that can be established by acquisitive prescription, it can be possessed. Our only concern is whether the real right allegedly possessed by plaintiff can be possessed without being owned, for if it can, then the trial judge was not correct in dismissing the possessory action on a motion for a summary judgment.
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. Any doubts as to factual matters should be resolved in favor of a trial on the merits. LSA-C.C.P. art. 966. Whitney v. Mallet, 442 So.2d 1361 (La.App. 3rd Cir. 1983), writ denied 445 So.2d 437 (La.1984).
The requisites for maintaining a posses-sory action are listed in LSA-C.C.P. art. 3658, which states as follows:
“To maintain the possessory action the possessor must allege and prove that:
(1) He had possession of the immovable property or real right therein at the time the disturbance occurred;
(2) He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud;
(3) The disturbance was one in fact or in law, as defined in Article 3659; and
(4) The possessory action was instituted within a year of the disturbance.”
In the present case the trial court found that the plaintiff was in possession at the time of disturbance, that he was in possession for more than a year prior to the disturbance, and that the possessory action was instituted within one year of the disturbance, thus meeting three of the four requisites. However, the trial court determined that the plaintiff was also required to prove that he has a real right in the immovable property. This was error. The plaintiff was not required to prove that he had acquired a real right through title or acquisitive prescription before being able to maintain a possessory action. If this were so, one could never possess a real right that he did not own, and it would follow that he could never acquire any real right through acquisitive prescription. Under C.C.P. art. 3658 a possessor need only prove that he had possession of the real right for a year prior to the disturbance, not that he has acquired the real right. Once a person shows he has possessed the real right as required by C.C.P. art. 3658, he has proved his right to possess. Pitre v. Tenneco Oil Co., 385 So.2d 840 (La.App. 1st Cir.1980), writ denied 392 So.2d 678 (La.1980).
Appellant further argues on appeal that based on the undisputed facts summary judgment should have been granted in his favor. We disagree.
In all cases involving possessory actions, a person must possess the real right as owner and for himself; thus to acquire the right to possess, “one must combine the intention of possessing as owner with the corporeal detention of the thing.” Nor *293 ton v. Addie, 337 So.2d 432, 436 (La.1976). See also Mire v. Crowe, 439 So.2d 517 (La.App. 1st Cir.1983), and Pitre v. Tenneco Oil Co., supra.
A summary judgment is not appropriate when it is based upon pleadings and accompanying affidavits to establish subjective facts such as intent. Whitney v. Mallet, supra. In the present case the summary judgment evidence consists only of affidavits from witnesses other than the plaintiff that he maintained this servitude as his own. Based on that evidence we are unable to grant summary judgment.
For these reasons, the judgment of the trial court awarding summary judgment in favor of the defendants is reversed, and the case is hereby remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.