YELVERTON, Judge.
Plaintiff, Ernest Babineaux, filed a pos-sessory action seeking to be restored to the possession of a servitude of passage across defendants’ property and to obtain injunc-tive relief and damages. The defendant answered and asserted title to the property thereby converting the suit into a petitory action. Finding that the defendants had *658 proved title to the property, judgment was rendered in favor of the defendants dismissing the plaintiffs suit. Plaintiff appealed and we affirm.
The facts of the case are not in dispute. The plaintiff and the defendants own adjoining tracts of land. Both parties trace their title back to a common ancestor in title, Lee Landry. Both properties front a public road. The servitude in question involves a driveway between plaintiff’s house and defendants’ adjacent property. During July 1966 Lee Landry built this driveway across his property and orally agreed to allow plaintiff to use the driveway and parking area lying perpendicular to the public road. Plaintiff claims that Mr. Landry granted him a servitude of passage across this driveway. Mr. Landry died in 1976 and his daughter Linda Landry La-neaux eventually acquired ownership of the property. She continued to allow the plaintiff to use and maintain the servitude. In June 1982 Mrs. Laneaux sold the property to the defendants and in July 1983 the defendants prevented plaintiff from using the servitude.
Plaintiff filed his possessory action. Defendants filed a motion for summary judgment which was granted. This court reversed that judgment and remanded for further proceeding. Babineaux v. Theriot, 465 So.2d 290 (La.App. 3rd Cir.1985). On remand the defendants filed an amended answer asserting title to the property, thereby converting the suit to a petitory action. After a trial on the merits, the trial court found that defendants had proved title to the property and that the plaintiff had failed to prove ownership of the property through acquisitive prescription, therefore he dismissed the plaintiff’s suit.
On appeal plaintiff contends that the trial court should have found that he proved ownership of the servitude by ten years acquisitive prescription. We disagree.
Ownership and other real rights in im-movables may be acquired by prescription of ten years. La.Civ. Code art. 3473. The requisites for the acquisitive prescription of ten years are: possession for ten years, good faith, just title, and a thing susceptible of acquisition of prescription. La.Civ. Code art. 3475.
La.Civ.Code art. 740 provides that apparent servitudes may be acquired by acquisitive prescription. However, this article is a new provision that became a part of our law as a result of the 1977 revision of the Civil Code. Before the 1977 revision the 1870 Code made a distinction between continuous and discontinuous servitudes. See Kizer v. Lilly, 471 So.2d 716 (La.1985). Under the 1870 Code a servitude of passage over a gravel road was classified as an apparent discontinuous servitude. Former Civ.Code art. 727 and 728; Kizer, supra. Under the former law discontinuous servitudes could be established only by title and not by acquisitive prescription. Boothe v. Department of Public Works, 370 So.2d 1282 (La.App. 3rd Cir.1979), writ denied, 374 So.2d 661 (La.1979), and former Civ. Code art. 766. The comments under Civ. Code art. 740 state that a servitude that was discontinuous under the prior law would “not give rise to prescriptive rights except from the effective date of the new legislation,” January 1,1978. See also Kizer v. Lilly, supra, and Norton v. Thorne, 446 So.2d 972 (La.App. 3rd Cir.1984).
In the present case, even though the plaintiff has maintained the driveway for seventeen years, only his possession from January 1, 1978, would give rise to prescriptive rights. He proved possession only from 1978 to 1983, a period of five and one-half years. Therefore, plaintiff failed to prove possession for ten years necessary to acquire ownership of the property through acquisitive prescription.
The judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.