STOKER, Judge.
This appeal is solely concerned with John T. Bearden as a plaintiff in this civil suit as to claims he asserted in a third party demand. The essence of his complaint in this appeal is that he was forced by the trial *1004 court to go to trial in this civil suit without counsel. Bearden’s claims stem from personal injuries sustained in a one-car automobile accident which he (and Katherine D. Austin) attribute to a blowout of a Goodyear Tire & Rubber Company (Goodyear) tire which was on an automobile rented from Sherman Simon Enterprises, Inc. (Sherman Simon). Sherman Simon was insured by Reliance Insurance Company.
Bearden was originally represented by counsel who filed his answer to Austin’s suit and his third party demand. However, this attorney withdrew as counsel some two months before trial. Bearden had no counsel when the case came to trial, and the trial court denied him a continuance.
Goodyear filed a motion for summary judgment as to the third party claim of Bearden and the original suit of Katherine D. Austin which began this litigation. The trial court heard the motion for summary judgment on the same day on which the case was set for trial and prior to trial. The trial court granted the motion for summary judgment and dismissed the demands of Katherine D. Austin and Bearden against Goodyear. The trial on the merits resulted in a judgment in favor of Sherman Simon and its insurer, Reliance Insurance Company, rejecting Bearden’s demands. Bearden moved for a new trial as to all defendants, but the trial court denied the motion on October 31, 1988, and signed a formal judgment to that effect on November 14, 1988. Bearden then hired counsel and appeals from the judgments in favor of the defendants.
As stated above, the only matter before us is the plaintiff case of Bearden against the defendants named in his third party action. On December 12, 1988, Katherine D. Austin filed a motion suggesting that she had settled her case in full and asking for a dismissal with prejudice of her suit against John T. Bearden, Reliance Insurance Company, Planet Insurance Company and Sherman Simon. The trial judge granted the motion and ordered the dismissals. Thus, Bearden went out of the case as a defendant.
If Bearden is entitled to relief through this appeal, the relief would be to grant him a new trial. That is what he prays for. He seeks a new trial on the ground that, being without legal counsel and being unskilled in the law and legal procedure, he was unable to present his case to the trial court and the trial court erred in failing to grant him a continuance in order that he could engage counsel. For reasons we will discuss, we find no error in the trial court's rulings and dismiss the appeal.
FACTS
This action arose out of an automobile accident which occurred on October 8,1986, in Lake Charles, Louisiana. This was a one-vehicle accident which occurred while John T. Bearden was driving a vehicle rented from Sherman Simon Enterprises, Inc. The vehicle ran off the road and struck some concrete posts resulting in injuries to Mr. Bearden and to Katherine D. Austin, the passenger riding with him.
THE PLEADINGS
The litigation began when Ms. Austin filed her original petition for damages on May 1, 1987, naming as defendants Mr. Bearden, Sherman Simon, Reliance Insurance Company, Sherman Simon’s liability insurer, and Royal Insurance Company of America, Mr. Bearden’s liability insurer. Goodyear Tire & Rubber Company was added as a new defendant by Ms. Austin in her second supplemental and amending petition. Ms. Austin alleged that a defective and unreasonably dangerous tire manufactured by Goodyear was the cause of the accident. Subsequently, Mr. Bearden filed an answer and third party demand. The third party demand sought to recover damages for Bearden’s injuries from Sherman Simon, Reliance and Goodyear. Like Ms. Austin, Bearden stated a products liability cause of action against Goodyear and Sherman Simon. Bearden's suit against Royal, his own insurer, was for the costs of the defense of Austin’s suit and for indemnity in the event he was held liable.
*1005 ACTION AT TRIAL LEVEL
The record reflects that on June 20,1988, the case was set for trial on the merits on October 11, 1988.[1] On July 26, 1988, the court granted a motion to withdraw as counsel of record filed by Mr. Boyer. No attorney ever enrolled as Bearden’s counsel thereafter. After conducting discovery through depositions, Goodyear filed a motion for summary judgment on September 30, 1988, which was set for hearing on the same date as the trial. The record also reflects that three motions for continuance were presented to the trial court in this matter. The first two were not sought by Mr. Bearden. The third and final motion for continuance, the one at issue here, was sought by Mr. Bearden on the day of trial, October 11, 1988.
On October 11, 1988, Goodyear’s motion for summary judgment was taken up prior to the commencement of trial. The motion alleged that there existed no issue of material fact against Goodyear; therefore, the causes of action of Bearden and Austin should be dismissed at their costs. Austin was represented throughout the litigation, including the trial on the merits and the motion for summary judgment, by counsel of record, Mr. Jack W. Caskey. The motion for summary judgment filed by Goodyear was granted by the trial judge. As stated previously, Bearden moved for a continuance of the hearing date of October 11, 1988, but the motion was denied. The trial on the merits as to all other parties then went forward. At the conclusion of the trial on the merits the trial judge orally dismissed Bearden’s third party action in a ruling from the bench. A formal judgment to that effect was signed on October 24, 1988, in favor of Sherman Simon and Reliance Insurance Company.
Mr. Bearden filed a motion for a new trial on October 20, 1988, based on the court’s denial of his motion for continuance and his alleged lack of any effective representation. The court denied a new trial and judgment was signed accordingly on November 14, 1988.
On December 12, 1988, Katherine D. Austin filed a motion and order of dismissal of her suit on suggesting that her claims had been settled in full. The order was granted on that date dismissing various defendants including appellant, John T. Bearden. Accordingly, Bearden’s liability was compromised and settled so that his position in this litigation then became that of a plaintiff only. Bearden was granted an appeal to this court on December 28, 1988.
ASSIGNMENT OF ERRORS
As stated previously, if Bearden is entitled to relief the relief would be to grant him a new trial. He alleges that the trial court erred in failing to grant him a continuance in order that he could retain new counsel. Therefore, the only appropriate relief available to Bearden at this time would be the granting of a new trial.
LAW
LSA-C.C.P. 1601 provides “[a] continuance may be granted in any case if there is good ground therefor.” The law in this area is clear and well settled. In the granting of a continuance on discretionary grounds, the trial court has great discretion which should not be disturbed on review in the absence of clear abuse. Evans v. Travelers Insurance Company, 220 So.2d 117 (La.App. 3d Cir.1969); Clay v. Clay, 467 So.2d 166 (La.App. 3d Cir.1985).
*1006 In the hearing on plaintiff’s motion for a new trial Bearden testified that Mr. Boyer notified him by letter in the latter part of July 1988, that he, Boyer, had withdrawn as counsel. The plaintiff failed to retain counsel for the October 11, 1988 hearings. According to Bearden, he contacted several attorneys personally or through his Arkansas attorney but was unable to prevail upon any of them to represent him. This is a civil case, and a litigant is not guaranteed representation by counsel in a civil case. However, the courts are alert and diligent to see that litigants are not left in the lurch by attorneys who have agreed to represent them. Our system of justice does not permit unrepresented litigants to be unfairly dealt with. We do not agree with Bearden that his case was prejudiced by the refusal of a continuance when the sole reason Bearden was not prepared was his own inability or unwillingness to retain new counsel.
Bearden cites three cases in support of his allegations that the trial court should have granted the continuance.
In the case of Marpco, Inc. v. South States Pipe & Supply, 377 So.2d 525 (La.App. 3d Cir.1979), plaintiffs suit was set for trial on January 27, 1978. On that same date, counsel for defendants moved to withdraw as attorney of record. The motion was granted. The plaintiff then moved for a judgment, and judgment was granted in its favor. The defendants were not present at that trial. At the hearing on a motion for a new trial, it was stipulated that the defendants never received notice from their attorney of the trial date and did not even know their attorney had withdrawn as counsel until three to four weeks after judgment had been signed against them. The court of appeal held that the trial court erred in leaving the defendants without representation which resulted in denying the defendants the opportunity to be heard or to retain other counsel. The instant case is easily distinguishable. Here, Bearden was not left without representation without his knowledge but instead had approximately two and one-half months to seek new counsel after Mr. Boyer’s withdrawal.
In Halley v. Halley, 457 So.2d 108 (La.App. 2d Cir.), writ denied, 461 So.2d 316 (La.1984), defendant’s counsel withdrew on October 6, 1983, one day prior to trial. The matter had been originally assigned for trial on July 18, 1983, but numerous continuances delayed the scheduled trial date until October 7, 1983. Defendant’s oral motion for continuance made on the day of trial was denied. In that motion, defendant stated she was in the process of contacting and retaining new counsel and that a reasonable time period was necessary to prepare for trial. In reversing the' trial court’s decision, the court found the refusal to grant a continuance effectively deprived the defendant of her day in court. The Halley case concerns facts quite distinguishable from those in the present case. Bearden had approximately two and a half months to secure counsel and nevertheless made no showing of due diligence in attempting to retain counsel who might prepare his case.
In the case of Shields v. Crump, 499 So.2d 479 (La.App. 2d Cir.1986), writ denied, 501 So.2d 214 (La.1987), the plaintiff’s attorney withdrew as attorney of record on April 8, 1985. On July 31, 1985 trial was assigned for December 9, 1985. Plaintiff was notified of the trial date on August 1, 1985. On December 5, 1985, four days prior to trial, plaintiff retained the services of an attorney. Evidence was presented that indicated plaintiff had experienced difficulty in obtaining her file from her former attorney and that she had talked to ten or eleven attorneys before her new attorney agreed to take her case. The motion for continuance made on the day of trial was denied. Under these facts, the Second Circuit found that the trial court had abused its discretion in denying plaintiff a continuance of the trial.
In the case before us Mr. Bearden attempted to engage an attorney to represent him in the two and one-half months between Boyer’s withdrawal and the trial date. He was simply unsuccessful. Mr. Bearden was able to engage his present attorneys after he lost his case as a result *1007 of the trial of the motion for summary judgment and of the merits on October 11, 1988. However, the trial court could not possibly have predicted that Mr. Bearden would be able to engage counsel or, if so, how soon. The trial court was Round to consider the rights of the other parties to the suit besides Mr. Bearden. It would have been grossly unfair to the other parties to put them off from the scheduled trial date for which they were ready. Under the circumstances, we do not consider that the trial court abused its wide discretion in denying Mr. Bearden a continuance. Bearden’s case is distinguishable from Shields because in Shields the plaintiff did have an attorney. For all the trial judge in this case knew, Mr. Bearden might never be able to engage an attorney. Although a trial judge must always consider the effect a continuance will have on the administration of justice, in this case we are unable to say that injustice has resulted. Lambert v. Heirs of Adams, 325 So.2d 331 (La.App. 3d Cir.1975), writ denied, 329 So.2d 458 (La.1976).
The appellant has been ably represented by the attorneys he was able to engage after the trial. In the application for hearing on the new trial issue and in this appeal plaintiffs counsel have been most effective. It is unfortunate that plaintiff did not engage his present counsel in advance of the trial, but that does not alter our opinion that justice to all parties requires that we deny the relief sought by appellant.
For the reasons given above the judgment of the trial court is affirmed. The costs of the appeal are assessed to the appellant.
AFFIRMED.

. A notice by the clerk of court of the trial court (included in a supplemental record furnished to the court of appeal) contains the information that the case had been assigned to Judge James C. Mclnnis and trial on the merits had been re-fixed for October 11, 1988, at 10:00 a.m. The notice also contained reference to court rules regarding prehearing and pretrial brief which were obviously addressed to counsel. However, there is no notation as to the persons to whom the notice was sent. At the hearing on plaintiffs motion for a new trial he testified that Lee W. Boyer wrote him a letter in the latter part of July 1988, notifying him of his withdrawal as counsel. Bearden also testified that he began to try to employ other counsel, and he appeared at the trial on October 11, 1988. Obviously, Bear-den knew of the trial date. In this appeal he has not complained that he had inadequate notice of the trial date.