612 So.2d 140 (1992)
Warren J. MOITY, Sr., Plaintiff-Appellant,
v.
NEW IBERIA BANK, et al., Defendants-Appellees.
No. 91-1257.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1992.
Gerald J. Breaux, LaFayette LA, for plaintiff-appellant.
Dennis Stevens, New Iberia, LA, for defendant-appellee.
Before GUIDRY, DOUCET and WOODARD, JJ.
GUIDRY, Judge.
Plaintiff-appellant, Warren J. Moity, Sr. (Moity), instituted this action against defendants-appellees, New Iberia Bank, James Schwing, Miles Hulin, Keith Hulin, Sandra Young and Carla Thibodeaux, for wrongful seizure and sale of his usufructuary interest in immovable property and for judicial recognition of the usufruct. The trial court granted defendant Schwing's peremptory exception of no cause of action, all defendants' peremptory exception of no right of action and all defendants' motion for summary judgment and dismissed plaintiff's suit. Moity's subsequent motion for a new trial was denied, and he then filed this appeal.

FACTS
The immovable property, over which plaintiff claims a usufruct, was once owned by Moity and his wife, Velma Moity. On July 7, 1977, the Moitys sold the property to LICOHO Enterprises, Incorporated (LICOHO), which was wholly owned by Moity. The act of cash sale contained the following reservation: "IT IS UNDERSTOOD THAT THE SELLERS SHALL ENJOY THE USUFRUCT OF SAID PROPERTY IN A PERFECT USUFRUCT THROUGHOUT THEIR LIVES". Thus, only the naked ownership was transferred to LICOHO. Warren and Velma subsequently divorced and Velma then renounced her usufruct.
On August 22, 1983, LICOHO, through Moity in a representative capacity, and Moity individually mortgaged the property *141 in favor of the People's Bank and Trust Co. of New Iberia. The mortgagors subsequently defaulted on their promissory note, and, on July 1, 1988, the New Iberia Bank (as successor in interest to the People's Bank) filed a petition for executory process. The petition was filed by defendant Schwing as attorney for New Iberia Bank. Ultimately, on November 14, 1988, the mortgaged property was sold at sheriff's sale to defendants, Hulin, Hulin, Young and Thibodeaux.
Moity filed the present suit in proper person on June 14, 1990. On July 20, 1990, New Iberia Bank filed suit seeking a deficiency judgment against Moity. Moity then filed a supplemental and amending petition in this suit on August 16, 1990. The peremptory exceptions and motion for summary judgment were then filed by the respective defendants.
Trial of the exceptions and motion was originally set for March 8, 1991. On that date, plaintiff, who had been representing himself in these proceedings, appeared in proper person and moved for a continuance in order that he might retain an attorney to represent him. The court granted Moity a continuance and reset the hearing for April 10, 1991. On April 9, 1991, attorney D. Warren Ashy filed a motion to enroll as counsel on behalf of Moity conditioned upon the granting of a second continuance. On the next day, the date set for the hearing, neither Moity nor Ashy appeared in court. However, Moity did file a written motion for continuance that morning in which he alleged that Ashy's wife had become seriously ill, rendering it impossible for Ashy to appear. Defendants objected to the motion. The trial court denied Moity's motion. The court then proceeded to hear argument from defense counsel on the exceptions and motion for summary judgment and rendered judgment in favor of defendants dismissing plaintiffs' claims with prejudice.
The trial court granted defendants' motion for summary judgment on the basis that Moity encumbered his usufruct by signing the mortgage in an individual capacity and, therefore, his usufruct was not illegally seized and sold. Additionally, it granted defendants' peremptory exception of no right of action because Moity's defense of payment was not properly brought in the executory proceeding as required by the Louisiana Code of Civil Procedure. The court also granted Schwing's peremptory exception of no cause of action because Schwing, as attorney for New Iberia Bank, owed no obligation to Moity, a third party.
On April 15, 1991, Moity filed a motion for new trial in which he represented that he had secured the services of Ashy on April 9, 1991, one day prior to the scheduled hearing. Moity claimed he was entitled to a new trial because he was not given an opportunity to be heard as a result of the trial court's denial of his second motion to continue. Defendants filed a response to Moity's motion in which they asserted that the trial court had already granted Moity much indulgence and that it was Moity's own choice to not employ counsel until the day before the hearing. In other words, no sufficient grounds for a new trial existed.
After a hearing on May 30, 1991, the trial court denied Moity's request for a new trial. In written reasons for judgment rendered July 1, 1991, the trial court found that Moity was given more than an ample opportunity to secure an attorney, which he "squandered" after the court granted his first continuance. Judgment denying Moity a new trial was signed July 24, 1991.
On appeal, Moity asserts that the trial court erred in the following respects:
(1) Denying his second motion for continuance;
(2) Granting defendants' motion for summary judgment;
(3) Granting defendants' peremptory exception of no right of action;
(4) Granting defendant Schwing's peremptory exception of no cause of action; and,
(5) Denying Moity's motion for new trial.
For the reasons which follow, we affirm.

*142 CONTINUANCE
La.C.C.P. art. 1601 provides that "a continuance may be granted in any case if there is good ground therefor". It is well settled that continuances are within the wide discretion of the trial court, which should not be disturbed on review in the absence of clear abuse. Austin v. Bearden, 566 So.2d 1003 (La.App. 3rd Cir.1990), writ denied, 568 So.2d 1086 (La.1990). However, the trial court's discretion cannot be exercised to deprive a litigant of his day in court. Marpco, Inc. v. South States Pipe and Supply, 377 So.2d 525 (La.App. 3rd Cir.1979).
In this case, Moity was granted a 33 day continuance to allow him time to hire an attorney. Through his own lack of effort in this regard, he waited until the 32nd day, April 9, 1991, to hire Ashy. Ashy then filed a motion to enroll as counsel of record contingent upon the court granting Moity's second motion to continue. That motion was denied. This was not a clear abuse of discretion. We agree with the trial court's reasoning that Moity was given sufficient opportunity to secure counsel. There is no proof in the record to support the allegation that Ashy's wife was seriously ill. In any event, it was incumbent upon Moity to appear in court on the hearing date with or without counsel. Based on Moity's lack of action during the first continuance period, it was reasonable and within the trial court's wide discretion for it to assume nothing more would be accomplished should Moity be granted the second continuance. Under the particular facts and circumstances of this case, the denial of the motion to continue was not an abuse of discretion.

SUMMARY JUDGMENT
In Louisiana Employees Safety Association Insurance Fund v. DeRouen, 527 So.2d 34 (La.App. 3rd Cir.1988), this court succinctly reviewed the law applicable to summary judgment as follows:
"One who moves for summary judgment has the burden of demonstrating clearly the absence of genuine issue of fact and any doubt as to the existence of such an issue is resolved against the mover." Whitney v. Mallet, 442 So.2d 1361 (La. App. 3 Cir.1983), writ denied, 445 So.2d 437 (La.1984).
"The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of summary judgment and in favor of a trial on the merits to resolve disputed facts."
Chaisson v. Domingue, 372 So.2d 1225 (La.1979).
"A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavit show no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. C.C.P. art. 966. Papers supporting the position of the party moving for summary judgment are to be closely scrutinized, while the opposing papers are to be indulgently treated. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981). A summary judgment is not appropriate when it is based upon affidavits and accompanying pleadings and other documentary evidence to establish subjective facts such as motive, intent, good faith or knowledge. Mecom v. Mobil Oil Corporation, 299 So.2d 380 (La.App. 3rd Cir. 1974), writ ref. 302 So.2d 308 (La.1974), Fontenot v. Aetna Insurance Co., 225 So.2d 648 (La. App. 3rd Cir.1969). Only when reasonable minds must inevitably concur is a summary judgment warranted and any doubts should be resolved in favor of a trial on the merits. Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976); Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963); Clement v. Taylor, 382 So.2d 231 (La.App. 3rd Cir.1980).
Nor is summary judgment appropriate as a vehicle for the disposition of a case, the ultimate decision in which will be based on opinion evidence or the judicial determination of subjective facts. Butler v. Travelers Insurance Co., 233 So.2d 271 (La.App. 1st Cir.1970); Smith v. Preferred Risk Mutual Ins. Co., 185 *143 So.2d 857 (La.App. 3rd Cir.1966)." Whitney v. Mallet, supra, at 1366.
In moving for summary judgment, defendants argued that, by signing the mortgage individually, Moity mortgaged the only interest he personally had in the property, i.e., his usufruct. Defendants urged that the following clause of the mortgage makes Moity's usufruct subject thereto:
Together with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water, water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property (or the leasehold estate if this mortgage is on a leasehold) are herein referred to as the "Property". (Emphasis ours)
In support of summary judgment, defendants presented the affidavit of Porteous Burke, the attorney who prepared the mortgage, and the affidavit of Ray F. Mestayer, an attorney who had been practicing in Iberia Parish since 1948. Burke stated that the mortgage, as prepared, was intended to encumber the usufruct reserved by Moity in the 1977 sale to LICOHO. Mestayer stated that, in his opinion, the public records of Iberia Parish reveal that by signing in an individual capacity, Moity encumbered the only interest which he owned individually, the usufruct.
Moity argues that summary judgment was inappropriate in this case because the issue as to whether his usufruct was mortgaged when he signed the mortgage in an individual capacity remains in dispute. Moity contends the trial court erred in granting summary judgment because the court, in doing so, was required to determine his intent in signing the mortgage individually. We disagree.
Moity does not deny that he signed the mortgage in his individual capacity. A written contract is to be taken and evaluated on its face and the parties thereto are presumed to know its contents. The signatures of the parties to an authentic act are not mere ornaments and absent allegations of fraud or error bind them. See Starns v. Ducote, 254 So.2d 301 (La. App. 3rd Cir.1971). The clear wording of the mortgage indicates that all "easements" and "rights" to the property were covered by the mortgage. Moity signed in his capacity as representative of LICOHO and individually. Clearly, in signing the mortgage individually, he mortgaged the usufruct. See La.C.C. art. 567. For the above reasons, we hold that summary judgment was properly rendered in this case.
Appellant's remaining assignments of error are rendered moot by our holding that the trial court did not err in refusing appellant's motion for a continuance and that summary judgment was proper.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are to be paid by plaintiff-appellant, Warren S. Moity, Sr.
AFFIRMED.