STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CA 0076

**FEBEE LOUKA**

**VERSUS**

**THE BOARD OF SUPERVISORS FOR THE UNIVERSITY OF
LOUISIANA SYSTEM D/B/A UNIVERSITY OF LOUISIANA AT
LAFAYETTE; and ABC INSURANCE COMPANY**

Judgment Rendered:   **SEP 2 1 2023**

\* \* \* \* \* \* \*

On Appeal from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court Docket Number C669227, Sec. 21

Hon. Ronald R. Johnson, Judge Presiding

\* \* \* \* \* \* \*

| | |
|---|---|
| G. Karl Bernard<br>New Orleans, Louisiana | Counsel for Plaintiff/Appellant,<br>Febee Louka |
| Shirley Stepney<br>Lafayette, Louisiana | Plaintiff/Appellant,<br>appearing *pro se* |
| Jeff Landry<br>Attorney General<br>Caitlyn Paige Beyt<br>Daniel J. Phillips<br>Patrick B. McIntire,<br>Assistant Attorneys General<br>Lafayette, Louisiana | Counsel for Defendant/Appellee,<br>Board of Supervisors for the<br>University of Louisiana System |

\* \* \* \* \* \* \*

**BEFORE: THERIOT, PENZATO, AND GREENE, JJ.**

**PENZATO, J.**

On appeal, plaintiff/appellant, Febee Louka, asserts that the trial court erred by dismissing her suit with prejudice when it granted the motion for summary judgment filed by defendant/appellee, the Board of Supervisors for the University of Louisiana System. Ms. Louka maintains that the trial court should have, instead, dismissed her suit without prejudice because she was unable to retain legal counsel to oppose the Board's motion for summary judgment. For the following reasons, we affirm the judgment rendered in favor of the Board and against Febee Louka, granting the Board's motion for summary judgment and dismissing Ms. Louka's suit with prejudice.

We grant the Board's motion to dismiss the appeal by plaintiff/appellant, Shirley Stepney, finding this court lacks jurisdiction to consider her appeal.

## FACTS AND PROCEDURAL HISTORY

Febee Louka and Shirley Stepney have been employed by the University of Louisiana at Lafayette (ULL) since 2007 and 2008, respectively. Ms. Louka is an associate professor of chemistry, and Ms. Stepney is a laboratory technician. Both work in Montgomery Hall on ULL's campus. Ms. Louka and Ms. Stepney allege that they experienced "severe health issues" caused by "prolonged and continuous" exposure to "toxic" or "harmful mold" growing in Montgomery Hall.

Ms. Louka filed suit against the Board on May 11, 2018, and Ms. Stepney joined as plaintiff on April 10, 2019. At the time, both plaintiffs were represented by counsel with the law firm of Davidson, Meaux, Sonnier, McElligott, Fontenot, Gideon & Edwards, LLP. On October 8, 2020, the trial court signed an order allowing the attorneys with Davidson, Meaux to withdraw as counsel for Ms. Louka and Ms. Stepney. Three months later, on January 11, 2021, the Board filed the subject motion for summary judgment. The Board asserted that the plaintiffs could not prove causation, an essential element of their burden of proof.

2

Therefore, the Board maintained it was entitled to summary judgment as a matter of law. A contradictory hearing on the motion was set for April 8, 2021.

At the time the Board's motion was filed, the plaintiffs were unrepresented. However, on February 1, 2021, the trial court signed an order enrolling an attorney with the Stanford Law Firm as counsel on behalf of Ms. Louka and Ms. Stepney. An unopposed motion to continue the hearing on the Board's motion for summary judgment, filed by plaintiffs' new counsel, was granted on March 12, 2021. The hearing on the Board's motion was continued without date. Shortly thereafter, on May 17, 2021, the attorney with the Stanford Law Firm filed a motion to withdraw as counsel on behalf of the plaintiffs. The motion to withdraw was set for a contradictory hearing on August 16, 2021. The order granting the motion, signed on September 14, 2021, reflects that the motion to withdraw was granted at the conclusion of the August 16, 2021 hearing.

On September 22, 2021, the Board filed a motion to reset the hearing on its motion for summary judgment. The hearing was set for January 20, 2022. It appears the time of the hearing was changed after the order was served, and the plaintiffs were not notified; therefore, the hearing did not go forward as set. On January 21, 2022, the Board filed a second motion to reset the hearing on its motion for summary judgment. Although the order set the hearing for December 22, 2022, a minute entry dated February 1, 2022, reflects that the trial court reset the hearing date from the December setting to February 17, 2022. The trial court confirmed that all parties received notice of the new hearing date via email. The transcript from the February 17, 2022 hearing further reflects that both plaintiffs attended the hearing and confirmed their receipt of the court's notice of the February 2022 hearing date.

During the hearing, the trial court first heard from the plaintiffs about their inability to obtain counsel. After reviewing the history of the case, the court

concluded that the plaintiffs had several months prior to the February 2022 hearing to find new counsel to oppose the Board's motion. The trial court determined that the plaintiffs had reasonable and sufficient time to obtain counsel and had simply been unsuccessful. Recognizing the Board was entitled to its day in court and could not be required to wait indefinitely for a decision on its motion, the trial court proceeded with the hearing on the Board's motion for summary judgment.

On the merits, the trial court confirmed that the plaintiffs did not file an opposition to the Board's motion and supporting evidence as required by La. C.C.P. art. 966(B)(2). The Board objected when the plaintiffs attempted to offer evidence, asserting it had no opportunity to see or review the documents. The trial court sustained the Board's objection and refused to consider the plaintiffs' evidence, instead allowing them to proffer their evidence.

After hearing argument from the Board and the plaintiffs, the trial court found that the Board satisfied its summary judgment burden of proving that the plaintiffs would be unable to prove the causation element of their burden of proof at trial and granted the Board's motion. *See* La. C.C.P. art. 966(D)(1). A judgment in conformity with this ruling was signed on March 9, 2022, and dismissed the plaintiffs' suit with prejudice. This appeal followed.

## MOTION TO DISMISS SHIRLEY STEPNEY'S APPEAL

On April 11, 2022, Ms. Louka, appearing *pro se*, filed a motion for devolutive appeal on her own behalf and purportedly on behalf of Ms. Stepney. The motion for appeal was signed only by Ms. Louka.

After the appeal was lodged, the Board filed a motion to dismiss Ms. Stepney's appeal, which was referred to this panel for decision. The Board asserts that the motion for appeal filed and signed by Ms. Louka was without effect as to Ms. Stepney, because Ms. Louka is not an attorney. Thus, Ms. Louka had no

4

authority to file the motion for appeal on Ms. Stepney's behalf.[1] We agree.

Ms. Louka is not licensed to practice law in Louisiana; therefore, she cannot represent Ms. Stepney in proper person and was not permitted by law to file a motion for appeal on Ms. Stepney's behalf. *See* La. R.S. 37:212; *Senior's Club ADHC and PCA Center v. State*, 2015-1165 (La. App. 1st Cir. 12/22/16), 2016 WL 7439328, *2 (unpublished), *writ not considered*, 2017-0342 (La. 4/7/17), 218 So.3d 117. Ms. Stepney did not file a motion for appeal on her own behalf and, therefore, failed to timely file an appeal.

An appeal is taken by obtaining an order therefor, within the delay allowed, from the court which rendered the judgment.[2] La. C.C.P. art. 2121. Appellate courts do not acquire jurisdiction of an appeal that is not timely perfected. *Phillips v. Exxon Chemical Louisiana, LLC*, 2022-1290 (La. App. 1st Cir. 6/23/23), --- So.3d ---, ---, 2023 WL 4140759, *2. An appellant's failure to file a devolutive appeal timely is a jurisdictional defect, in that neither the court of appeal nor any other court has the jurisdictional power and authority to reverse, revise, or modify a final judgment after the time for filing a devolutive appeal has elapsed. *See* La. C.C.P. art. 2087. *See also Senior's Club*, 2016 WL 7439328, *2; *Phillips*, --- So.3d ---, ---, 2023 WL 4140759 at * 2. Consequently, we grant the motion to dismiss filed by the Board and dismiss Ms. Stepney's appeal.

## FEBEE LOUKA'S APPEAL

On appeal, Ms. Louka does not assert that the trial court erred by granting the Board's motion for summary judgment on the merits. Ms. Louka does not

---

[1] Ms. Stepney did not file an opposition to the Board's motion. Additionally, we note that G. Karl Bernard with Karl Bernard Law, LLC enrolled as counsel on behalf of the plaintiffs on April 18, 2022. Although Mr. Bernard filed an appellate brief on behalf of "Febee Louka, et al.," he represented to the court during oral argument that he was appearing on behalf of Ms. Louka only.

[2] Perfecting an appeal of a judgment, pursuant to the requirements of La. C.C.P. art. 2121, requires (1) a petition or motion for appeal, (2) an order of appeal, and (3) a notice of appeal. *See* Maraist, F., 1 La. Civ. L. Treatise, Civil Procedure § 14:7, n.1 (2d ed. Nov. 2021 update).

5

contend that the Board's evidence was insufficient to satisfy its summary judgment burden of proof, nor does she maintain that a genuine issue of fact remains. *See* La. C.C.P. art. 966(D)(1). Instead, in a single assignment of error, Ms. Louka asserts that the trial court erred by dismissing her suit *with prejudice* when it granted the Board's motion for summary judgment. Ms. Louka argues that dismissal should have been *without prejudice* since she was unable to retain legal counsel to oppose the Board's motion.

During argument before this court, Ms. Louka's counsel conceded that the trial court did not err by granting the Board's motion for summary judgment. Counsel confirmed that Ms. Louka's sole argument is that the trial court erred by dismissing her suit with prejudice when it granted the Board's motion. Therefore, we do not consider whether the trial court properly granted the Board's motion for summary judgment on the merits.[3]

Ms. Louka's argument, advocating for dismissal without prejudice, is contrary to Louisiana law. When summary judgment is proper, the resulting judgment is final, granting a party part or all of the requested relief. *See* La. C.C.P. art. 968. The relief granted is final and not subject to revision by the trial court outside of new trial procedures. Just as it is erroneous to grant a dismissal without prejudice after a trial on the merits, it is erroneous to grant a dismissal without prejudice pursuant to the granting of a motion for summary judgment. By its nature the granting of summary judgment indicates that there is nothing left to determine and the law requires judgment be entered for one party. *Vega v. Wal-Mart Stores, Inc.*, 2003-2239 (La. App. 1st Cir. 9/17/04), 888 So.2d 242, 243

---

[3] Uniform Rules–Courts of Appeal Rule 1-3 provides that a court of appeal shall review issues that were submitted to the trial court and that are contained in specifications or assignments of error, unless the interest of justice requires otherwise. In light of Ms. Louka's unequivocal position that the trial court did not err by granting the Board's motion for summary judgment but, instead, only erred by dismissing her suit with prejudice, we find that the interest of justice does not warrant this court to consider the merits of the Board's motion for summary judgment.

(finding the trial court erred in granting summary judgment without prejudice and amending the judgment to reflect a dismissal with prejudice). *See also Jackson v. State Farm Mutual Automobile Ins. Co.*, 27,611 (La. App. 2d Cir. 12/6/95), 665 So.2d 661, 664. Therefore, the trial court followed the proper procedure in dismissing Ms. Louka's suit with prejudice after finding the Board was entitled to summary judgment as a matter of law. *See* La. C.C.P. art. 966(D)(1).

Even if a judgment without prejudice were allowed, we also agree with the trial court that Ms. Louka had sufficient time to retain counsel, and her failure to do so would not have merited a dismissal of her suit without prejudice. More than one year lapsed between the time the Board filed its motion for summary judgment (January 2021) and the contradictory hearing (February 2022). The motion was pending in the fall of 2021, when the Stanford Law Firm was allowed to withdraw as counsel for the plaintiffs. Ms. Louka knew for approximately six months that she needed to retain new counsel to oppose the Board's motion.

Time periods far shorter than this have been held to be sufficient to allow the plaintiff to retain counsel. *See Moity v. New Iberia Bank*, 612 So.2d 140, 142 (La. App. 3d Cir. 1992) (finding thirty-three days was enough time to allow the plaintiff to retain counsel). In *Austin v. Bearden*, 566 So.2d 1003, 1006-07 (La. App. 3d Cir.), *writ denied,* 568 So.2d 1086 (La. 1990), Bearden attempted to engage an attorney to represent him in the two and one-half months between his attorney's withdrawal and the trial date. He was simply unsuccessful. The court of appeal recognized that the trial court was bound to consider the rights of the other parties to the suit, besides Bearden, and it would have been grossly unfair to the other parties, who were prepared for trial, to continue the scheduled trial date. The trial court did not abuse its wide discretion in denying Bearden a continuance. *Austin,* 566 So.2d at 1007. In civil cases, a litigant is not guaranteed representation by counsel, and a plaintiff is not entitled to indefinite continuances simply because she

contends that she is unable to secure counsel. *Austin*, 566 So.2d at 1006; *Gilcrease v. Bacarisse*, 26,318 (La. App. 2d Cir. 12/7/94), 647 So.2d 1219, 1223, *writ denied*, 95-0421 (La. 3/30/95), 651 So.2d 845 (recognizing the trial court could not possibly have predicted when, or if, plaintiff would retain an attorney, and the court cannot be closed to defendants who wish to have the case resolved.) Additionally, a trial court has wide discretion in the control of its docket. *Rover Group, Inc. v. Clark*, 2021-1365 (La. App. 1st Cir. 4/8/22), 341 So.3d 842, 846, *writ denied*, 2022-00766 (La. 9/20/22), 346 So.3d 287.

For these reasons, we find no error in the trial court's judgment, dismissing Ms. Louka's suit with prejudice.

## DECREE

The March 9, 2022 judgment rendered in favor of the Board of Supervisors for the University of Louisiana System and against Febee Louka, granting the motion for summary judgment filed by the Board and dismissing Ms. Louka's suit with prejudice, is affirmed. The motion to dismiss filed by the Board of Supervisors for the University of Louisiana System is granted and the appeal by Shirley Stepney is dismissed. All costs of this appeal area assessed against Febee Louka.

**JUDGMENT AFFIRMED. MOTION TO DISMISS GRANTED.**